FRANK MATHIAS *vs.* BEATRICE FOODS CO. & others.[1] November 28, 1986. *Practice, Civil,* Complaint, Dismissal, Summary judgment, Amendment. *Employment,* Discrimination. *Contract,* Employment. *Workmen's Compensation Act,* Injuries to which act applies. *Libel and Slander. Unlawful Interference.*

We have to decide whether the complaint stated any claim against any of the defendants, and, if the answer be negative, what should be the disposition where the judge below, instead of considering dismissal under Mass.R.Civ.P. 12(b) (6), 365 Mass. 755 (1974), mistakenly dismissed the action by summary judgments[2] under Mass.R.Civ.P. 56, 365 Mass. 824 (1974).

1. The complaint made the following statement in substance. Plaintiff Frank Mathias was a sales person in the Market Forge Division of defendant Beatrice Foods Co; he had been employed by the company for some twenty-six years. In February, 1983, the company announced a plan for early retirement of long-term employees, and in March it directed managers to present the plan to eligible employees but not to influence them. The deadline for accepting the option was June 30, 1983. Plaintiff was due for salary review in March but defendant Fred Maione, his immediate supervisor as vice president for marketing of the division, postponed the review to July. However, as plaintiff insisted on earlier review, Maione made it in May, and gave plaintiff a "poor review." In March, 1983, Maione had announced a new sales goal for plaintiff which involved a 42% increase in the existing goal, rendered more difficult by the company's eliminating one of the products from its line. Maione later reduced the new goal, but that fact was not communicated to plaintiff. Maione told plaintiff that "changes would

---

[1] Fred Maione and Louis Agathos.

[2] The three defendants were joined in a single complaint, but the judge entered a separate summary judgment in favor of each.

be made" if the goal was not attained. Defendant Agathos, president of the division, was responsible together with Maione "for these actions"; they were aware that plaintiff was eligible for retirement. Maione told plaintiff to hire an assistant but did not approve any of plaintiff's candidates. In May, however, Maione did hire one of those candidates at lower pay than plaintiff received. Plaintiff believed that this person was to be his replacement, and that in fact happened after plaintiff retired. "As a result of the foregoing," plaintiff submitted to early retirement. Agathos had told plaintiff repeatedly that he was under company orders not to influence plaintiff's decision. Although the option form used by plaintiff contained a statement that no one had influenced his decision, plaintiff wrote to the company's board chairman that his decision had been influenced by threats.

2. The complaint announced its legal theories in brief "counts" set out following the statement. Analyzing the complaint accordingly, the judge of the Superior Court wrote short memoranda holding, we think correctly, that the complaint was fatally defective.

So far as the complaint charged "termination" of the plaintiff's employment in bad faith, meaning thereby discrimination by the company against the plaintiff by reason of his age,[3] it has now been made clear that the grievance was within the exclusive jurisdiction of an administrative agency, the Massachusetts Commission Against Discrimination. See G. L. c. 151B; *Melley* v. *Gillette Corp.*, 387 Mass. 1004 (1986), affirming and adopting 19 Mass. App. Ct. 511 (1985).[4]

The complaint sought to make out a claim for intentional infliction of emotional distress,[5] but as this would be a claim for "personal injury," "arising" in the circumstances of this case "out of and in the course of [plaintiff's] employment," it would be absorbed and superseded by the workers' compensation act, G. L. c. 152, §§ 24, 26, and remedy must be pursued there, if at all, whether against the company or against Maione and Agathos as fellow employees of the plaintiff. See *Comeau* v. *Hebert*, 352 Mass. 634, 635 (1967); *Saharceski* v. *Marcure*, 373 Mass. 304, 306 (1977); *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 547-550 (1980); *Simmons* v. *Merchants Mut. Ins. Co.*, 394 Mass. 1007 (1985); *Tenedios* v. *Wm. Filene's Sons Co.*, 20 Mass. App. Ct. 252, 255-256 (1985); *Frassa* v. *Caulfield*, 22 Mass. App. Ct. 105, 107 (1986); *Walters* v. *President & Fellows of Harvard College*, 645 F.Supp 100 (D. Mass. 1986). See also *Bertrand* v. *Quincy Mkt. Cold Storage & Warehouse Co.*, 728 F.2d 568,

---

[3] This theory appeared in count I against the company.

[4] This deficiency could be characterized as a lack of subject matter jurisdiction, Mass.R.Civ.P. 12(b) (1), 365 Mass. 755 (1974), as well as failure to state a claim under 12(b) (6), but the result is not affected.

[5] Counts II, III, and V against all defendants.

572 (1st Cir. 1984). If that jurisdictional barrier could be overcome,[6] the common law claim would collapse nevertheless for failure to set forth the prerequisites of such a claim on which the court laid stress in the leading case of *Agis* v. *Howard Johnson Co.,* 371 Mass. 140, 144-145 (1976) (e.g., conduct "extreme and outrageous," "beyond all possible bounds of decency," "utterly intolerable in a civilized community").

As to defamation,[7] a "poor review" could be taken only with a considerable flight of imagination to have exposed the plaintiff to the contumely associated with defamation in its classic formulation. But if the plaintiff could be supposed to have been defamed, the complaint on its face set out in effect the defense of a qualified privilege of report concerning an employee. The protection of the privilege would, indeed, be forfeited by any defendant who recklessly published the report to outsiders, but no such extravagance was alleged or suggested. See *McCone* v. *New England Tel. & Tel. Co.,* 393 Mass. 231, 235-236 (1984).

Lastly, the complaint attempted to charge Maione and Agathos with liability for intentional interference with the plaintiff's contractual, i.e., employment, relations with the company.[8] The effort failed by reference to the rule of *Gram* v. *Liberty Mut. Ins. Co. (I),* 384 Mass. 659, 663-665 (1981), and *Steranko* v. *Inforex, Inc.,* 5 Mass. App. Ct. 253, 272-273 (1977). Here, too, a qualified privilege inhered in the allegations of the complaint, namely, the privilege of corporate officers when treating in the general sphere of their responsibilities with their subordinates. The privilege might be lost if the defendants were driven by malice of an aggravated kind, "actual" rather than "merely implied," amounting to "malevolence" or "spite or ill will." *Gram* at 663, 664. As *Gram* also noted, the privilege would not be negated by "negligence" or "sloppy and unfair business practices." *Id.* at 665. The picture presented by this complaint does not bespeak animus directed against the plaintiff.

3. In his memoranda the judge seemed not unmindful of the liberality in construing pleadings that was brought in by the reforms of 1974. See *Nader* v. *Citron,* 372 Mass. 96, 98 (1977). See also *Conley* v. *Gibson,* 355 U.S. 41, 45-46 (1957). Nevertheless, he found the complaint too thin to stand; and we agree. Unaccountably, however, although only the complaint was being tested without regard to any underlying evidence, the judge entered summary judgments.[9] The plaintiff was entitled to rely on the nature of the defendants' motion as stated by them and unchanged by any prior notice on the part of the judge. There was error, and we shall reverse with

---

[6] The comment made in n.4 above applies here also.

[7] Counts VII, VIII, and IX against all defendants.

[8] Counts IV and VI against the individual defendants.

[9] The defendant Agathos submitted an affidavit in support of his defense of lack of personal jurisdiction, but that question was not adjudicated.

direction to enter orders of dismissal for failure of pleading under rule 12(b) (6), the plaintiff to be free to apply below, if he should choose, for leave to amend his complaint to state a claim. See Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974).[10]

We accept the plaintiff's argument that the entry of the summary judgments had the effect of depriving him of the usual opportunity to seek leave to amend after an initial order of dismissal of a complaint for failure of statement. The defendants counter by saying that the label of the summary judgments should be disregarded and these judgments treated as if they dismissed the complaint for failure of statement and also denied leave to amend (sometimes called dismissal with prejudice). That may misstate the judge's intention. The plaintiff also protests that a summary judgment precludes further litigation on the claim, whereas a judgment merely dismissing a complaint for insufficiency is not preclusive. The defendants might respond by offering the prophecy that a later court would read the summary judgments for what they really were despite their label, with res judicata consequences accordingly. It may also be suggested that, in the light of the procedural reforms, the preclusive effect of a judgment dismissing a complaint as insufficient should now be the same as that of a summary judgment, citing *Osserman* v. *Jacobs,* 369 Mass. 200, 205-206 & n.10 (1975); Mass.R.Civ. P. 41(b) (3), 365 Mass. 805 (1974); Restatement (Second) of Judgments § 19 comment d, and reporter's note thereon (1982). On the whole, we think that the plaintiff is entitled to the relief mentioned.

We add that either party might have obviated the paraphernalia and delay of the present appeal. Recognizing the evident misnomer, the plaintiff might have applied to the judge by way of motion for rehearing to correct the mistake and enter the proper orders. The defendants, instead of clinging to the mistaken judgments, might themselves have sought their correction (and then resisted leave to amend, if that was applied for). The parties seem to divide the honors (if that is not a misnomer).

The question whether amendment should be allowed belongs to the court below. Those parts of the complaint that appear uncorrectable of course will go; with respect to any other parts possibly subject to amendment, counsel should be held to their obligations under Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974); and to their overarching duty not to protract litigation.

*Ordered as indicated.*
*Costs to neither party.*

*Paul J. McCallum* for the plaintiff.
*Zachary R. Karol* for Beatrice Foods Co.
*Loyd M. Starrett* for Louis Agathos.
*Bertram E. Snyder* for Fred Maione.

---

[10] Our variant of the cognate Federal rule states that amendment can only be by leave after an order of dismissal.