Maria FELINSKA, Plaintiff,

v.

NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND and Charles Langone, Defendants.

Civ. A. No. 93–10242–NG.[1]

United States District Court,
D. Massachusetts.

June 8, 1994.

1. This action has been transferred to the Hon. Nancy Gertner. As this matter was under advisement at the time of the transfer, this Court has acted on it.

James T. Grady, Grady & Dwyer, P.C., Boston, MA, for defendants.

### *MEMORANDUM AND ORDER*

YOUNG, District Judge.

Maria Felinska ("Felinska") brought this action against her former employer, the New England Teamsters and Trucking Industry Pension Fund, and its employee Fund Manager Charles Langone (collectively "the Pension Fund") alleging discrimination on the basis of her age and national origin, and that the Pension Fund breached its duty to inform her of proposed revisions to the employees' pension plan contemplated when Felinska resigned. The Pension Fund moved to dismiss Felinska's fourteen count complaint pursuant to Fed.R.Civ.P. 12(b)(6).

At an April 29, 1994 hearing, the Court dismissed Felinska's claim of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(e)(1)–(5), but only as to national origin (Count I in part), her Mass.Gen.L. ch. 151B claim [2] (Count IV), and her ERISA claim (Count XIV). The Court took the remaining counts under advisement.

### I. BACKGROUND

Taking the allegations in the light most favorable to Felinska, they are as follows: In 1965, the Pension Fund hired Felinska as a bookkeeper, a position she held continuously until her resignation in 1991. In 1989, when Felinska was 64 years old, Pension Fund employee Marilyn Tower ("Tower"), age 34, began to work with Felinska. Beginning in April of that year Felinska began to complain to superiors both orally and in writing that the Pension Fund was transferring what had been Felinska's duties to Tower, a much younger woman. Furthermore, Felinska wrote to her superior complaining of harassment and discrimination she was experiencing at work.

As a result of the harassment and discrimination, on February 28, 1990, Felinska filed a

Robert Masud, Masud & Associates, Boston, MA, for plaintiff.

**2.** Counsel conceded that Felinska did not file with the Massachusetts Commission Against Discrimination ("MCAD") within six months of the last alleged act of discrimination as required by Mass.Gen.L. ch. 151B, § 5.

Notice of Retirement. Felinska subsequently withdrew the notice because an Assistant Fund Manager assured her that the harassment would cease. On October 30, 1990, Felinska filed another Notice of Retirement, but once again withdrew as a result of an employee's assurance that the harassment would end. Despite these assurances, harassment on the basis of her age and national origin continued.

On March 29, 1991, Felinska requested a transfer to another position so that she could escape the harassment. Fund Manager Charles Langone denied her request. That same day, Felinska resigned from her position as a bookkeeper for the Pension Fund after more than 26 years of service. At the time of her resignation she was 66 years old.

In August, 1991, Felinska went to the Equal Employment Opportunity Commission ("EEOC") and completed an intake questionnaire. Where the form asked the basis for her complaint, she responded discrimination based upon age and national origin. On October 29, 1991, Felinska filed a Charge of Discrimination with the EEOC. In her charge, Felinska stated the cause of the discrimination as her age. That same day, EEOC transmitted a copy of her charge to MCAD.

The EEOC did not take any formal action regarding Felinska's charge. On February 4, 1993, Felinska brought this action alleging discrimination on the basis of age and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(e)(1)–(5).

*Felinska's pension benefits*

As a Pension Fund employee, Felinska was entitled to benefits upon her retirement as set forth in the pension plan. On December 18, 1990, at a meeting of the Board of Trustees of the Pension Fund, a consultant reported that he was continuing to prepare a revised pension plan description that included benefit improvements. On April 16, 1991, at another board meeting, the Trustees discussed the revised pension plan, and on May 7, 1991, the Trustees adopted the revised plan in principle.

On May 22, 1991, the Pension Fund notified all unions affiliated with the Pension Fund of the new plan, effective October 1, 1991. The new plan provided for increased benefits for participants who retire after October 1, 1991. Felinska claims that the Pension Fund breached its duty to disclose the proposed changes to her before her retirement. At the April 29, 1994 hearing, the Court ruled that the Pension Fund owed no duty as matter of law to inform Felinska of proposed changes in the pension fund before her retirement, and dismissed Felinska's ERISA claim (Count XIV).

## II. ANALYSIS

At the hearing, the Pension Fund argued that the comprehensiveness of Mass.Gen.L. ch. 151B, and the exclusivity provision of the Massachusetts Workers' Compensation Act, Mass.Gen.L. ch. 152, preclude Felinska's state law claims. The Court has evaluated this argument as to each state common law claim and sets forth its rulings below. As for the remaining federal claims, Count III—Violation of 29 U.S.C. §§ 621–634, and Count VI—29 U.S.C. § 626(d), the Pension Fund's motion to dismiss is denied.

### A. STATUTORY CLAIMS

#### Count II—Violation of Mass.Gen.L. ch. 12 §§ 11H and 11I

■ In Count II, Felinska alleges that the harassment she experienced on the basis of her age and national origin while a Pension Fund employee violated her rights under the Massachusetts Civil Rights Act, Mass.Gen.L. ch. 12 §§ 11H and 11I. In light of the Massachusetts Appeals Court decision of *Mouradian v. General Electric Co.,* 23 Mass. App.Ct. 538, 503 N.E.2d 1318 (1987), Felinska's state civil rights claim must be dismissed.

In *Mouradian,* the plaintiff brought an action alleging that he was discharged from his employment because of his age and sought relief under Mass.Gen.L. ch. 151B, ch. 12 §§ 11H and 11I, and state common law. Because Mouradian did not file a complaint with MCAD within the relevant limitations period, the Court dismissed the action.

On appeal, Mouradian argued that his failure to comply with the administrative requirements of chapter 151B should not preclude his ability to pursue his claim under chapter 12 §§ 11H and 11I.[3] Rejecting this argument, the Appeals Court stated:

> There may be a case in which the termination of an at-will employee could give rise to a tenable complaint seeking relief under G.L. c. 12, §§ 11H and 11I. This is not such a case, as the only "right[ ] secured by the ... laws of the commonwealth" (the operative words of c. 12, § 11H, in this instance) is the right which could have been enforced under the procedures established by c. 151B. In the circumstances, G.L. c. 12, §§ 11H and 11I, do not create an independent right to vindicate an alleged wrong which might have been the subject of investigation and possible vindication under G.L. c. 151B, were it not for Mouradian's delay.

*Mouradian,* 23 Mass.App.Ct. at 543, 503 N.E.2d 1318.

Here, Felinska seeks damages resulting from discrimination on the basis of age and national origin under the Massachusetts Civil Rights Act. As in *Mouradian,* Felinska's right to be free from discrimination at her place of employment could have been enforced in a claim brought under chapter 151B had she pursued it in a timely matter. It is Felinska's delay in filing her complaint with MCAD that precludes her from seeking relief on this claim. Accordingly, under *Mouradian,* Mass.Gen.L. ch. 12 §§ 11H and 11I do not create an independent cause of action, and this count must be dismissed.

### Count V—Mass.Gen.L. ch. 93 § 103

In light of the Supreme Judicial Court's recent ruling in *Charland v. Muzi Motors, Inc.,* 417 Mass. 580, 631 N.E.2d 555 (1994), a significant case pending decision at the time this motion was filed, *see* Neil Quenzer, "Significant Cases Pending Before the Supreme Judicial Court," Recent Develop-

ments in Federal and Massachusetts Law (MCLE, 1994), 163, 176–77, Felinska's section 103 claim must be dismissed. In *Charland,* the plaintiff alleged that his employer terminated him because of his age or national origin in violation of the equal rights act, Mass.Gen.L. ch. 93, §§ 102 and 103. Charland did not proceed under Mass.Gen.L. ch. 151B because of his failure to file a complaint with the MCAD within six months of his termination as required by statute. Affirming the trial court's decision to dismiss the equal rights act claim, the Supreme Judicial Court held "where G.L. c. 151B is applicable, employees alleging discriminatory conduct by their employer must comply with the administrative requirements of c. 151B and failure to do so precludes actions by employees based on the equal rights act." *Charland,* 417 Mass. at 582, 631 N.E.2d 555.

Here, Felinska's chapter 151B claim was dismissed because she did not file a complaint with MCAD within six months of her resignation. Since she did not comply with the requirements of chapter 151B, under *Charland,* she may not seek relief for her employer's allegedly discriminatory conduct under the equal rights act.

### B.  COMMON LAW CLAIMS

Although failure to comply with the administrative requirements of chapter 151B may preclude a plaintiff from bringing other statutory claims, chapter 151B neither narrows nor eliminates a party's common law rights. *Melley v. Gillette Corp.,* 19 Mass. App.Ct. 511, 513, 475 N.E.2d 1227 (1985), *aff'd,* 397 Mass. 1004, 491 N.E.2d 252 (1986). Accordingly, Felinska's failure to file a timely complaint with MCAD does not affect any of her common law claims. The following analysis addresses the extent to which the exclusivity provisions of the workers' compensation act, and the Court's dismissal of Felinska's ERISA claim (Count XIV) affect her common law claims.

---

**3.** Even if Felinska had complied with the requirements of chapter 151B, the fate of her Massachusetts Civil Rights Act claim would be the same. Where a "plaintiff ... follow[s] the procedural, jurisdictional, and statute of limitations prerequisites to claim relief under Mass.Gen.L. ch. 151B," the plaintiff may not proceed with a duplicative claim under the Massachusetts Civil Rights Act. *Bergeson v. Franchi,* 783 F.Supp. 713, 721 (D.Mass.1992).

## Count VII and VIII—Intentional and Negligent Infliction of Emotional Distress

■ In an action against an employer, mental distress arising out of the employment relationship is a personal injury compensable under the workers' compensation act. *Foley v. Polaroid Corp.*, 381 Mass. 545, 550, 413 N.E.2d 711 (1980); *Mathias v. Beatrice Foods Co.*, 23 Mass.App.Ct. 915, 916, 500 N.E.2d 812 (1986); *Tenedios v. Wm. Filene's Sons Co., Inc.*, 20 Mass.App.Ct. 252, 255–56, 479 N.E.2d 723 (1985).[4] Since Felinska's emotional distress claims seek relief for work-related harassment occurring while she was a Pension Fund employee, the workers' compensation statute is her exclusive remedy for her mental distress claims. *See* Mass.Gen.L. ch. 152, §§ 24 and 26.

## Count IX—Intentional Interference with Advantageous Relations

■ Felinska's intentional interference with advantageous relations claim seeks contract damages, not compensation for personal injuries. Thus, it is not precluded by the exclusivity provision of the workers' compensation act. *See* Mass.Gen.L. ch. 152, § 24. Analysis does not, however, end here.

■ A claim for intentional interference with advantageous relations requires that the plaintiff (1) had a contract or business relationship with a third party; (2) that the defendant knowingly induced the third party to break the contract or business relationship; (3) that the defendant's conduct was intentional, and improper in motive or means; and, (4) that the plaintiff was harmed as a result. *G.S. Enterprises, Inc. v. Falmouth Marine, Inc.*, 410 Mass. 262, 272, 571 N.E.2d 1363 (1991).

■ Here, a crucial element of an intentional interference with advantageous relations claim is missing—a third party. In her complaint, Felinska alleges that the Pension Fund interfered with the relationship between Felinska and the Pension Fund. In the absence of a relationship between Felinska and a third party, Felinska fails to state a claim upon which relief can be granted and this count must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## Count X—Negligent Misrepresentation

■ At the April 29, 1994 hearing, Felinska's counsel stated that the alleged misrepresentations for which Felinska seeks relief relate to the Pension Funds' failure to inform her of proposed changes to the pension plan before her retirement. Since the Court concluded that the Pension Fund did not owe Felinska a duty to inform her of proposed changes as matter of law, this count fails to state a claim upon which relief can be granted, and must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## Count XI—Negligent Supervision

■ In her negligent supervision claim, Felinska seeks relief for emotional distress resulting from continuous harassment in the workplace on the basis of her age and national origin. Since mental distress arising out of an employment relationship is a personal injury compensable under the workers' compensation act, *Foley v. Polaroid Corp.* 381 Mass. 545, 550, 413 N.E.2d 711 (1980); *Mathias v. Beatrice Foods Co.*, 23 Mass.App.Ct. 915, 916, 500 N.E.2d 812 (1986), Felinska's claim must be dismissed. *See* Mass.Gen.L. ch. 152, § 24; *see also* analysis of Counts VII and VIII, Felinska's claims for emotional distress, *infra*.

## Count XII—Defamation

■ Since "defamation is injury to reputation, irrespective of any physical or mental harm," an "employee's claim for injury to his reputation is not the type of personal injury contemplated by G.L. c. 152." *Foley v. Polaroid Corp.*, 381 Mass. 545, 551–52, 413 N.E.2d 711 (1980). Accordingly, Felinska's defamation claim is not barred by the workers' compensation act.

---

**4.** *Compare O'Connell v. Chasdi*, 400 Mass. 686, 690–91, 511 N.E.2d 349 (1987). In *O'Connell*, the Supreme Judicial Court concluded that "where a fellow *employee* commits an intentional tort not related to the interests of the employer ... [s]uch intentional torts are not an accepted risk of doing business," and are not precluded by the exclusivity provision of the workers' compensation act. *Id.* (emphasis added); *see Bergeson v. Franchi*, 783 F.Supp. 713, 716 (D.Mass.1992).

*Count XIII—Constructive Discharge*

■ Felinska's constructive discharge claim seeks contract damages, not compensation for personal injuries. Thus, it is not precluded by the exclusivity provision of the workers' compensation act. *See* Mass.Gen.L. ch. 152, § 24.

### III. CONCLUSION

For the foregoing reasons, the motion of the Pension Fund to dismiss is GRANTED as to Counts II, V, VII, VIII, IX, X, and XI, and is DENIED as to Counts III, VI, XII, and XIII.