Hinkle, J.
Plaintiff Dallas Blick (“Blick”) filed this action against defendant Pitney Bowes Management Services, Inc. (“Pitney Bowes”), alleging discriminatory acts in violation of G.L.c. 151B, infringement of civil rights in violation of G.L.c. 12, §111 and discriminatory acts in violation of 29 U.S.C. 621. This action was originally removed to the local federal court pursuant to 28 U.S.C. 1446. On December 6, 1995, the federal court granted summary judgment for defendant on plaintiffs federal law claim and remanded the case to *472 this Court for consideration of the remaining state law claims. The defendant has moved for summary judgment on plaintiffs two state law claims; the plaintiff has moved for summary judgment on his claim of employment discrimination under G.L.c. 151B. For the following reasons, defendant’s motion for summary judgment on plaintiffs remaining state law claims is ALLOWED.
BACKGROUND
The facts viewed in the light most favorable to the plaintiff are as follows. On March 7, 1988, Blick, an African-American male born on September 5, 1936, was hired to work in the mail room of Widett, Slater and Goldman by Pandick Technologies. In January 1990, Pandick Technologies was acquired by Pitney Bowes. Blick’s duties as a Pandick Technologies/Pitney Bowes employee included delivering mail, delivering facsimile copies, answering the mail room telephone, performing routine service requests, and other duties occasionally assigned. In May, 1989, Blick received an award from Pitney Bowes as Employee of the Month.
Blick received regular performance reviews at Pitney Bowes. Blick’s reviews indicate that he met or exceeded the performance requirements for his position and that he was generally well-regarded by his employer. Blick always received a merit increase following each performance review. However, in several of the performance reviews, Blick was asked to improve his communication skills and to modify his telephone manner with customers.
On April 10, 1991, Blick failed to answer a routine service call from a partner at Widett, Slater and Goldman who asked him to help move some boxes. As a result of this incident, Blick had a performance conference with his supervisors, Joseph Centeio (“Cen-teio”) and Scott Landry (“Landry”). At this conference, Blick received and signed a written warning that informed him that any further misconduct would require disciplinary action, up to and including termination.
On June 18, 1991, Centeio asked Blick to help stuff envelopes for a monthly bulk mailing, and Blick did not reply. Blick believed that his other employment duties, such as the delivery of facsimiles and mail, took priority over the bulk mail assignment.
Later that same day, Centeio told Landry about his conversation with Blick. Landry asked Blick if they could talk, and Blick replied: “I don’t have anything to talk about.” Landry immediately suspended Blick from work for two days. Blick’s suspension order stated that Blick might be terminated from Pitney Bowes if his “acts of insubordination [did not] cease immediately.”
Blick returned to Pitney Bowes on June 19 to discuss his employment suspension with Jennifer Turner, Pitney Bowes’ director of personnel. He then went home for the two days of his suspension.[1] On June 21, 1991, after a meeting with Landry and Janet Reckman, director of operations, Blick was terminated. Blick was replaced by Dennis Bird (“Bird"), a 20-year-old Caucasian male with only seven or eight months of experience on the job. Pitney Bowes’ Employee Handbook describes its employee disciplinary procedure as a “Corrective Action Process.” The Employee Handbook states:
Immediate termination of employment, without warning, will result when an employee’s act of misconduct is determined in [Pitney Bowes’] discretion to be a major violation of [Pitney Bowes] policy, law or completely outside the realm of acceptable behavior.
The Handbook also lists several standard reasons for immediate termination, including “refusal to follow management’s directions.”
DISCUSSION
This Court allows summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983): Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating both elements. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass 805 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion.” Pederson, supra at 17. The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
The Supreme Judicial Court announced a three-stage order of proof for employment discrimination cases under G.L.c. 151B[2] in Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437 (1995). In the first stage, “the plaintiff has the burden to show by a preponderance of the evidence a prima facie case of discrimination.” Id. at 441. The plaintiff must provide evidence to show that: “(1) he is a member of a class protected by G.L.c. 151B; (2) he performed his job at an acceptable level; (3) he was terminated and (4) his employer sought to fill the plaintiffs position by hiring another individual with qualifications similar to the plaintiffs.” Id., citing Wheelock College v. Massa *473 chusetts Comm’n Against Discrimination, 371 Mass. 130, 134-36 (1976). Neither party disputes that Blick has established a prima facie case of race and age discrimination.
In the second stage, “the employer can rebut the presumption created by the prima facie case by articulating a legitimate, nondiscriminatory reason for its hiring decision.” Id. Pitney Bowes has rebutted this presumption by producing credible facts, contained in Centeio’s and Landry’s depositions and in records of Blick’s performance reviews, that show that Blick was terminated for a legitimate reason: his insubordinate response to Centeio’s request for help with the bulk mailing.[3]
The parties’ arguments focus on the third required stage of proof: where the plaintiff must show “either [by circumstantial evidence] that the employer’s articulated reasons are a pretext or by direct evidence that the actual motive was discrimination.” Id. at 444-45. Although summary judgment is disfavored in discrimination cases, it is not inappropriate where the defendant demonstrates that the plaintiffs evidence of intent, motive, or state of mind is insufficient to support a judgment in plaintiffs favor and that the plaintiff therefore has no reasonable expectation of proving its case at trial. Id. at 439-40. The burden of proof at trial remains with the plaintiff once the defendant satisfies the second stage of proof. After providing the Court with a nondiscriminatory reason for the plaintiffs dismissal, “the employer does not have to persuade the trier of fact that it was correct in its belief . . . the employee must prove by a preponderance of the evidence that the asserted lawful reason was not the real reason for the termination.” Tate v. Department of Mental Health, 419 Mass. 356, 362 (1995).
Blick has not produced any direct evidence of age or race discrimination. He contends, however, that he has provided facts that support a pretext theory of employment discrimination. Blick contends that his history of good performance reviews is relevant to the issue of pretext. Additionally, Blick offers facts showing that his replacement, Bird, was less experienced than he was. Finally, Blick contends that his actions at work on June 18 did not amount to insubordination.
The factual record supplied by Blick is inadequate to support his allegation of “pretext” discrimination. First, the fact that Blick received generally good performance reviews does not serve to prevent his employer from legally terminating him for a refusal to follow a supervisor’s instructions. Second, the difference in experience between Bird and Blick is not relevant to the question of whether Blick’s termination was motivated by discriminatory animus. Third, the difference between Blick’s action and “insubordination” is irrelevant: the defendant has shown that Blick performed an act, the “refusal to follow management’s directions,” which is listed as a standard reason for immediate termination in Pitney Bowes’ Employee Handbook. Because Blick has not submitted sufficient facts to support his “pretext” theory, and has no reasonable expectation of producing such facts at trial, defendants are entitled to summary judgment against Blick’s claim under G.L.c. 151B.
The defendants are also entitled to summary judgment on Blick’s claim of violation of his civil rights under G.L.c. 12, §1II.[4] A plaintiff may not pursue a claim under G.L.c. 12, § 1II where an adequate remedy exists for his or her claimed injury under c. 15IB. Felinska v. New England Teamsters and Trucking Industry Pension Fund, 855 F.Supp. 474 (D.Mass. 1994); Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994); Agin v. Federal White Cement, Inc., 417 Mass. 669, 672 (1994); Mouradian v. General Elec. Co., 23 Mass.App.Ct. 538, 543 (1987) (G.L.c. 12 §HHand §111 “do not create an independent right to vindicate an alleged wrong which might have been the subject of investigation and possible vindication under G.L.c. 151B”).
ORDER
For the foregoing reasons, plaintiff Dallas Blick’s motion for summary judgment is DENIED, and defendant Pitney Bowes Management Services, Inc.’s motion for summary judgment is ALLOWED as to both counts of plaintiffs complaint.

The defendants dispute Blick’s version of the events of June 19. They rely upon the deposition testimony of Centeio to show that Blick returned to the mail room on June 19, despite his suspension, and then had to be escorted out of the building by security personnel.

G.L.c. 15 IB, §4 states in pertinent part:
It shall be an unlawful practice:
1. For an employer in the private sector, by himself or his agent, because of the race, color ... or ancestry of any individual to refuse to hire or employ or to bar or discharge from employment such individual. . .
IB. For an employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar or discharge from employment such individual. . .

A factual dispute exists between the parties as to whether Blick returned to work on July 19 and was escorted off the premises by security. Viewing the facts in the light most favorable to the plaintiff, I accept, for the limited purpose of adjudicating these motions, Blick’s version of events.

G.L.c. 12, §1II states in pertinent part:
Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with . . . may institute and prosecute in his own name and on his own behalf a civil action . . .