Ford, J.
After having reviewed the voluminous submissions of counsel, I conclude that there is a genuine issue of material fact on Counts I, III, and V (the counts alleging violations of G.L c. 151B, §4). The plaintiff is an Asian female. She alleges under oath that she was promised a “tenure track” position, that her employment was never conditioned upon her completing her dissertation by a specific date, that she performed her duties in a competent fashion, and that thereafter she was effectively terminated. She further alleges under oath that she was replaced by a white female who was less qualified than the plaintiff, and she supports her assertion with the deposition testimony of that white female. The defendants, of course, deny these claims. However, these are factual matters to be decided ultimately at trial by the trier of fact. In addition, the plaintiff has considerable evidence that the reasons stated by the defendants for her termination were pretextual, and that the real reasons for the defendants’ actions regarding her employment status were other than as stated by them. Indeed, the plaintiff has evidence that the vice president of the college, Dr. Stevens, uttered ethnic slurs concerning the plaintiffs own lawyer, referring to him as a “spic.” The defendants argue that even if Dr. Stevens made such remarks, it was mere “puffing” or self-aggrandizement on his part, and that other persons made the final decisions concerning the plaintiffs employment with the college. Once again, these are all factual issues which must be resolved at trial. I am satisfied that the plaintiff has shown with admissible evidence the existence of a dispute as to material facts. See Kourouvacilis v. General Motors Corp., 410 Mass 706, 711 (1991). Therefore, as to those counts, summary judgment is inappropriate.
For many of the same reasons, I am satisfied that the plaintiff has established the existence of a factual dispute on the counts alleging breach of contract, i.e. Counts X, XI, and XII, and on the count alleging intentional interference with contractual relations, i.e. Count VIII. Exactly what the plaintiff was promised and what she committed to do during the course of her pre-employment interviews are factual issues. Moreover, whether the plaintiff actually had a contract and whether the individual defendants maliciously interfered with it are also questions of fact. In addition, the mere fact that the plaintiff and her husband lived apart for long periods of time during their marriage does not automatically invalidate his claim for loss of consortium. Whether or not there has been any loss of consortium is a fact to be decided at trial. The plaintiff has set forth enough admissible evidence to demonstrate the existence of a dispute on that point. Accordingly, I believe that summary judgment is inappropriate as to Count IX as well.
However, I rule that the defendants are to entitled to summary judgment on Counts II, IV, VI and VII. Although there is no Massachusetts appellate decision directly on point, I am persuaded by the logic of my colleagues in Titcomb v. Boston Safe Deposit & Trust Co. Inc. and The Boston Co. Inc., No. 92-6585 (Suf. Sup. Ct., Sosman, J.), Agin v. Federal White Cement, Inc., 91-1426 (Hampden Sup. Ct., Moriarty, J. and Sweeney, J.), and Papas v. Chestnut Knoll, No. 91-0044 (Hampden Sup. Ct., Keady, J.). I agree with my colleagues that G.L c. 93, §102 and G.L.c. 12, §1II are not applicable to disputes arising during the course of employment. I conclude that G.L.c. 151B provides the plaintiff with her exclusive remedy for claims of job discrimination based upon sex, race or national origin. See also Napolitan v. New England Telephone Co., C.A. No. 91-12973-MA, (D.Mass., January 15, 1993); Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, rev. den., 400 Mass. 1107 (1987). Similarly, I agree with the defendants that they are entitled to summary judgment on the plaintiffs claim for intentional infliction of emotional distress, i.e. Count VII. The Workman’s Compensation Act, G.L.c. 152, provides the exclusive remedy for redressing such an injury. Anzalone v. Mass. Bay Transit Authority, 403 Mass. 119, 124-25 (1988). I note that the plaintiff in her opposition makes no argument to the contrary.
For the foregoing reasons, it is the ORDER of this Court that the defendant’s motion for summary judgment shall be: (1) DENIED as to Counts I, III, V, VIII, IX, X, XI and XII; and (2) ALLOWED as to Counts II, IV, VI and VII.