Cowin, J.
Plaintiff Omar Salhab (“Salhab”) filed this action against Middlesex County, Middlesex County Sheriff John P. McGonigle (“McGonigle”), Frank W. Brown (“Brown”), Richard Gallant (“Gallant”), and Winslow Holman (“Holman”) alleging employment discrimination under G.L.c. 151B, §4 and intentional infliction of emotional distress. Salhab also claimed violations of 42 U.S.C. §1983; Article I of the Massachusetts Constitution; and G.L.c. 152, §75B(2) (“Workers’ Compensation Act”).[1] Defendants Mc-Gonigle, Brown and Gallant have moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, defendants’ motion is allowed in part and denied in part.
BACKGROUND
The following are drawn from the allegations of the complaint and are accepted as true for the purpose of this motion to dismiss. Salhab was born in Lebanon and is a member of the Sunni Moslem faith. Salhab worked as a corrections officer at the Middlesex County Jail at Cambridge (“the jail”) from on or about December 18, 1988 until on or about November 13, 1990. At all relevant times the defendants were employed by Middlesex County in the following positions: defendant McGonigle was the Sheriff of Middlesex County; defendant Brown was the superintendent of the jail; defendant Gallant was the deputy superintendent of the jail; and defendant Holman was a corrections officer at the jail.
After being hired as a corrections officer by Middle-sex County in December 1988, Salhab was assigned to duty at the jail. Salhab was assigned to work with defendant Holman under the supervision of defendant Brown. Holman made comments to Salhab concerning the fact that Salhab was unfit for the job because of his national origin and religion. Salhab also received from an anonymous source or sources various news clippings, articles and cartoons depicting Middle Easterners in an unfavorable and demeaning light. Salhab was also told by fellow employees that he was *36 taking a job away from a worthy American. Salhab complained to his supervisors, including defendant Brown. Deputy Superintendent of the jail, Thomas Gannon, not a party to this action, made a written report notifying the administration[2] of Salhab’s “difficulties”[3] on the job.
In April 1989, after the death of his brother, Salhab requested bereavement leave. Defendant Gallant denied his request and threatened him with dismissal if he pursued the matter. In November 1990, defendant Holman told Salhab to leave the country. An altercation ensued. Other employees watched but did not intervene. After the incident, at the direction of Mc-Gonigle or with McGonigle’s knowledge, Salhab’s supervisors told him that if he did not resign he would be fired. Salhab resigned in November 1990, at which time he had a pending claim for workers’ compensation pursuant to G.L.c. 152.
PROCEDURAL HISTORY
The following procedural history appears in defendants’ memorandum and is not contested by plaintiff. In April 1991, Salhab filed a complaint of discrimination with the Massachusetts Commission Against Discrimination (“MCAD”) against defendants Middlesex County Sheriff and Holman.[4] He named neither defendant Brown nor defendant Gallant in the MCAD complaint. Salhab then filed a complaint in Superior Court on February 25, 1993 against the Middlesex County Sheriffs Department, McGonigle, Brown, Gallant and Holman. This Court (McHugh, J.) on September 29, 1993, allowed defendants’ motion to dismiss all of Salhab’s claims as to defendants Middlesex County Sheriffs Department, McGonigle and Brown. Salhab filed an amended complaint on December 1, 1993, the subject of the present motion to dismiss.[5]
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Count I alleges racial discrimination in the workplace by all defendants in violation of G.L.c. 151B, §4. G.L.c. 151B contains an administrative exhaustion requirement which mandates that a plaintiff desiring to bring suit under this chapter must first file a complaint with the MCAD within six months after the alleged unlawful conduct took place. G.L.c. 151B, §9. The plaintiff may amend the complaint after the issuance of the notice of public hearing by leave of the Hearing Commissioner. 804 C.M.R. 1.03(5)(b). After a complaint has been pending before the MCAD for 90 days, the plaintiff may then file a complaint in state court. G.L.c. 151B, §9.
Here, there is no question that Salhab filed a timely complaint with the MCAD with respect to defendants McGonigle and Holman. However, Salhab’s MCAD complaint named neither Brown nor Gallant as defendants, nor did Salhab serve either of them with a copy of the complaint pursuant to 804 C.M.R. 1.03(6).[6] Salhab never attempted to amend his MCAD complaint to add Brown or Gallant during the period of almost two years while it was pending at the MCAD. Because Salhab did not comply with the statutory requirements pursuant to G.L.c. 151B regarding Brown and Gallant, Count I is dismissed against defendants Brown and Gallant.
Defendants argue for dismissal of Count I against defendant McGonigle as well. They argue that to support this proposition defendant McGonigle was at all relevant times an employee of Middlesex Couniy and that employers are exclusively liable for the acts of their employees under G.L.c. 151B. They cite College-Town, Division of Interco, Inc. v. Massachusetts Commission Against Discrimination, 400 Mass. 156 (1987). This contention mischaracterizes the holding of College-Town. College-Town simply holds that under certain circumstances employers can be held vicariously liable for the discriminatory acts of their employees. Contrary to defendants’ assertions, College-Town does not stand for the converse, i.e., that employers are exclusively liable and employees cannot be held liable for their own acts of discrimination. See also Bergeson v. Franchi, 783 F.Supp. 713 (D.Mass. 1992). Consequently, Salhab’s claim under Count I survives against McGonigle.
Count II alleges intentional infliction of emotional distress against defendants McGonigle, Brown and Holman.[7],[8] To support a claim of intentional infliction of emotional distress, Salhab must establish the following: (1) that the defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was the likely result; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) that the actions of the defendants were the cause of Salhab’s distress; and (4) that Salhab sustained severe emotional distress which was of a nature that no reasonable person should be expected to endure it. Agis v. Howard Johnson Co., 371 Mass. 140 (1976).
The allegations of the complaint are sufficient to state a claim for intentional infliction of emotional distress against McGonigle, Brown and Holman under *37 Agis. Salhab alleges that Holman committed acts intended to cause Salhab’s emotional distress, that McGonigle and Brown were aware of the harassment Salhab was experiencing, failed to stop it, and that both were involved in Salhab’s firing after the incident with Holman. Obviously, this Court draws no conclusions regarding the accuracy of the allegations. Were the allegations of the complaint to be proven, however, the type of behavior complained of — victimization solely because of national origin and religion — is intolerable and clearly would support an intentional interference claim. Therefore, Count II survives defendants’ motion to dismiss.
Count III alleges violations of 42 U.S.C. §1983 against Middlesex County and McGonigle.[9] The defendant correctly points out that under §1983, there can be no supervisory liability for “undirected, sporadic acts of subordinates.” Fernandez v. Chardon, 681 F.2d 42, 55 (1st Cir., 1982). However, a supervisor such as McGonigle can be held liable when he “can be deemed to have been on notice of pervasive constitutional violations or if [his( failure to supervise ‘is so severe as to amount to gross negligence or deliberate indifference to constitutional violations.’ ’’ Scarpa v. Murphy, 624 F.Supp. 33, 37 (D.Mass. 1985), quoting Fernandez, supra at 56. At least as alleged, the acts of which McGonigle had notice and the acts in which he participated (including ethnic and religious harassment and retaliatory forced resignation), appear to be more than undirected or sporadic acts and thus could result in liability under §1983. Count III therefore survives defendants’ motion to dismiss.
Count IV alleges violations by all the defendants of Article I of the Massachusetts Declaration of Rights. Where no statute creates a cause of action to remedy a violation of constitutional rights, the United States Supreme Court has stated that, at least as to the federal Constitution, the courts may infer a right of action. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). Here, however, there is a separate, exclusive statutory scheme under c. 151B to address the violations of which Salhab complains. Thus, no cause of action lies under Art. I of the Massachusetts Declaration of Rights. See Mouradian v. General Electric Co., 23 Mass.App.Ct. 538 (1989); Butler v. RMS Technologies, Inc., 741 F.Supp. 1008 (D.Mass. 1990). Count IV is therefore dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion to dismiss of defendants Frank W. Brown and Richard Gallant is ALLOWED as to Count I of the complaint and the motion to dismiss of defendants John P. McGonigle, Frank W. Brown and Richard Gallant is ALLOWED as to Count IV of the Complaint. In all other respects, defendants’ motion is DENIED.

 Salhab’s claim under 42 U.S.C. §§2000e et seq. was withdrawn in open court on March 2, 1994.

 Salhab does not detail to whom in “the administration" the report was sent.

 This is Salhab’s description of the contents of the letter. It is unclear exactly what the letter related. Presumably, it was about the problems he had experienced because of his national origin and religion.

 Defendant McGonigle was not made a defendant by name in the MGAD complaint, but he was the Middlesex County Sheriff at all times relevant to the complaint and was thus on notice.

 The present motion does not relitigate issues previously considered by Justice McHugh.

 The complaint does not indicate who the parties to the MCAD action were. However, this issue was argued by defendants in their motion to dismiss and not rebutted by plaintiff in his opposition to said motion. Further, Salhab did not contest defendants’ assertions in this regard when questioned about them at the hearing on the instant motion.

 Because this count alleges intentional and not negligent conduct by the defendant public employees, they are not immune from suit under G.L.c. 258, the Massachusetts Tort Claims Act. Breault v. Chairman of the Bd. of Fire Comm'rs of Springfield, 401 Mass. 26, 35 (1987). Gallant is not included in the allegations of Count II.

 Gallant is not included in the allegations of Count II

 In regard to this count, the motion to dismiss concerns only McGonigle.