White, J.
Plaintiff brings this action against his employer to recover damages caused by defendant’s discriminatory treatment based on religious belief, national origin, and disability. Plaintiff claims violations of G.L.c. 151B, G.L.c. 272, G.L.c. 93, G.L.c. 12, and intentional infliction of emotional distress. Defendant now moves to dismiss all claims for lack of subject matter jurisdiction and venue under Mass.R.Civ.P. 12(b)(1) and 12(b)(3). For the following reasons, defendant’s motion is ALLOWED.
BACKGROUND
The complaint alleges the following facts. Plaintiff, Mehmood Pervez Chaudhary (Chaudhary), was an employee of defendant, Taco Bell Corp. (Taco Bell) at its location at 112 Vinebrook Plaza, Burlington, Massachusetts. Chaudhary is from Pakistan, speaks English poorly, and practices the Muslim faith.
During the course of Chaudhaiy’s employment, specifically in the month of December 1993, Chaudh-ary was subjected to physical and verbal abuse by two managers employed by Taco Bell. One manager named Mukhtar Mohemmad regularly made derogatory references to Chaudhary being from Pakistan, and struck Chaudhary whenever he passed him. The other manager named Harvey mocked Chaudhary’s religious beliefs and regularly referred to Chaudhary as “Muslim dog.” Harvey also made scheduling decisions, such as reducing Chaudhary’s hours, for reasons not based on Chaudhary’s performance or record. Chaudhary complained of the abuse to his managers and their supervisors, but no corrective action was taken.
On December 15, 1993, Chaudhary suffered chest pains while at work. Although he informed his managers that he experienced chest pains while lifting heavy items, they refused to modify his duties. On December 24, 1993, Chaudhary suffered a heart attack while working.
On December 14, 1994, Chaudhary filed a complaint with the Massachusetts Commission against Discrimination (MCAD) and requested submission of the complaint to the Equal Employment Opportunity-Commission (EEOC). On February 13, 1995, MCAD Compliance Officer QuocTran and Compliance Supervisor Jean A. Clanton recommended that the matter be closed for lack of jurisdiction pursuant to G.L.c. 15IB, §5 because the claim was not brought within the six-month statute of limitations.
Chaudhary brought these claims against Taco Bell in the Superior Court under the theory of respondeat superior, alleging violations of G.L.c. 151B, §4; G.L.c. 272, §26; G.L.c. 93, §§102 and 103; G.L.c. 12, §§11H and 111; and the common law tort of intentional infliction of emotional distress.[1]
DISCUSSION
The court may dismiss a complaint for lack of subject matter jurisdiction at any stage of the proceedings. Mass.R.Civ.P. 12(g), (h). Because subject matter jurisdiction is an issue to be determined solely by the court, the parties cannot waive jurisdiction or confer jurisdiction where it does not exist. Mark v. Kahn, 333 Mass. 517, 519 (1956); Shea v. Neponset River Marine & Sportfishing, Inc., 14 Mass.App.Ct. 121, 129 (1982).
In support of its motion to dismiss, Taco Bell argues that G.L.c. 151B is the exclusive avenue for redress of employment discrimination claims and that Chaudhaiy’s failure to file a timely claim with the MCAD precludes him from bringing an action before this court. Taco Bell challenges each of the counts based on the exclusivity provision of G.L.c. 151B. Section 9 of G.L.c. 15IB provides that “. . . the procedure provided in this chapter shall, while pending, be exclusive: and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.” G.L.c. 151B, §9 (1995 Supp.).
In light of a recent decision by the Supreme Judicial Court interpreting the exclusivity provision of c. 15 IB, this court is required to dismiss Chaudhaiy’s statutory claims. Charland v. Muzi Motors Inc., 417 Mass. 580 (1994). In Charland, an employee alleging discrimination based on age and national origin failed to file a complaint with the MCAD within the six-month statute of limitations period required by c. 151B, §5. Id. at 581. The SJC ruled that the employee was precluded from bringing a subsequent claim in state court under the Massachusetts Equal Rights Act, G.L.c. 93, §§102 and 103. Id. at 586. The Court held that “where G.L.c. 151B is applicable, employees alleging discriminatory conduct by their employer must comply with the administrative requirements of c. 15 IB and failure to do so precludes actions by employees based on the equal rights act.” Id. at 582.
Additionally, the Appeals Court has interpreted the relationship between the exclusivity provision of c. 15 IB and the Massachusetts Civil Rights Act. Mouradian v. General Electric Co., 23 Mass.App.Ct. 538 (1987). In Mouradian, the Appeals Court ruled that a plaintiff alleging age discrimination who fails to file a claim with the MCAD within six months of the last episode of discrimination is barred from bringing a separate claim against the employer under the state Civil Rights Act, G.L.c. 12, §§11H and 111. See id. at 543. In this case, MCAD disposed of Chaudhary’s complaint because it was not filed within the six-month filing period. Given the decisions in Charland and Mouradian, Chaudhaiy’s claims under G.L.c. 93 and G.L.c. 12 (Counts III and IV) must be dismissed.
Count II of Chaudhary’s complaint alleges violation of G.L.c. 272, §98 which prohibits discrimination in places of public accommodation. Assuming that the maltreatment of Chaudhary occurred in a place of public accommodation under G.L.c. 272, §98, the issue is whether that claim is barred because of the late filing of Chaudhary’s MCAD complaint.
*117 In Charland, the SJC ruled that “where applicable, G.L.c. 15 IB provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections, and that the plaintiffs failure to adhere to the requirements of G.L.c. 151B required the dismissal of his complaint.” Charland, supra, at 586.
According to Charland, it is clear that the SJC interpreted the exclusivity provision of c. 15IB to preclude all state statutory claims of employment discrimination where the statute of limitations has run on the plaintiffs MCAD complaint.[2] Because Chaudhary filed his MCAD complaint approximately one year after the discriminatory treatment, his claim under the public accommodations statute must also be dismissed.
Count V of the complaint alleges intentional infliction of emotional distress. Although under Charland an employee’s claims of discrimination based in tort or constitutional law are causes of action independent of the administrative procedures of c. 15 IB, Count V must nevertheless be dismissed. An employee’s common law claim for intentional infliction of emotional distress against his or her employer is precluded by the exclusivity provision of the Workers’ Compensation Act, G.L.c. 152, §24. See Foley v. Polaroid Corp., 381 Mass. 545, 550, appeal after remand, 400 Mass. 82 (1987); Tenedios v. William Filene’s Sons, 20 Mass.App.Ct. 252, 255 (1985). Because Chaudhary did not bring his claim of intentional infliction of emotional distress before the workers’ compensation board, his claim is not properly before this court.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss be ALLOWED.

 At a motion hearing before this court, Chaudhary voluntarily dismissed Count I which alleged violation of G.L.c. 15 IB. Therefore, this court will decide defendant’s motion on Counts II through V only.

It is unclear whether the Court’s decision in Charland could bar an employment discrimination claim brought under a federal statute.