Toomey, J.
INTRODUCTION
This lawsuit arises out of plaintiff Karen A. Green’s employment with Wyman-Gordon. Green has complained that, during the course of her employment with Wyman-Gordon, she was subjected to various acts of sexual harassment by co-workers, that Wyman-Gordon failed to take action to stop this conduct, and that, as a result of the harassment, she was exposed to adverse personnel actions, culminating in the termination of her employment. Plaintiffs complaint contains eight counts:
(I) sexual harassment, in violation of G.L.c. 214,
§1C;
(II) violation of equal rights guaranteed by G.L.c. 93,
§102;
(III) violation of civil rights guaranteed by G.L.c. 12,
§111;
(IV) negligent failure to investigate and correct;
(V) negligent training and supervision;
(VI) intentional infliction of emotional distress;
(VII) negligent infliction of emotional distress; and
(VIII) breach of contract.
Defendant has moved for summary judgment raising three separate arguments. First, defendant contends that the discrimination claims contained in plaintiffs Counts I, II and III (alleging, respectively, violations of G.L.c. 214, §1C, G.L.c. 93, §102, and G.L.c. 12, §111) are barred because plaintiff failed timely to file a complaint with the Massachusetts Commission Against Discrimination (MCAD). Defendant suggests also that plaintiffs failure to file a complaint with the MCAD likewise bars her remaining tort and contract assertions (Counts IV through VIII) because they essentially state claims for employment discrimination. Second, defendant maintains that plaintiffs claims of infliction of emotional distress (Counts VI and VII) are barred by the exclusivity provision of the Workers’ Compensation Act. Third, defendant urges that each of plaintiffs claims be dismissed for failure to exhaust her collectively bargained remedies because she did not pursue the grievance procedure set forth in the agreements between plaintiffs union and defendant.
*78 For the reasons set forth below, defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
The facts pertinent to the determination of this motion are not now in dispute, defendant having accepted as true, for purposes of this motion, the factual allegations of plaintiffs complaint. Those allegations, supplemented by plaintiffs affidavit submitted in opposition to defendant’s motion, are summarized infra.
Plaintiff was hired by defendant in February 1985, and continued to work there until she was laid off in June 1992. Beginning in June 1989, plaintiff, the only female worker in her department, was subjected to obscene and sexually derogatory remarks from a coworker. During 1990 and 1991, plaintiff was transferred to different positions and eventually was assigned to the housekeeping department in February 1991.
During the course of her housekeeping duties, plaintiff had an altercation with a co-worker, Mike Trudell, who threatened her, using obscene language and sexual slurs. Thereafter, plaintiff requested a modification of her work schedule in order to avoid Trudell, but her request was denied. In the ensuing months, Trudell repeatedly threatened plaintiff and levelled sexual slurs at her. Once again plaintiff complained to her supervisor. The head of the housekeeping department, Robert Bliss, dissuaded her from filing harassment charges against Trudell and arranged a meeting with Trudell and Trudell’s supervisor. As a result of the meeting, a formal warning was issued to Trudell, but Bliss refused to modify plaintiff s schedule so that she would not encounter Trudell. Plaintiff also approached her union steward about the incident, but he was nonresponsive.
Thereafter, plaintiff began to experience sleeplessness and anxiety. On May 28, 1991, plaintiff consulted the company’s doctor who prescribed medication and suggested she speak to Kenneth Bleakney, Manager of the Human Resources Department. Plaintiff did meet with Bleakney and explained the problems she had experienced.
In mid-1991, plaintiff bid on, and was offered, another position. Before her transfer, plaintiff was approached by a union representative who asked that she withdraw her complaint against Trudell.
In January 1992, plaintiff was transferred to the Heat Treat Department where she was the only female employee. There were posters of naked and partially clad women in sexually suggestive poses in the work area. Plaintiff did not complain about these pictures because she did not believe it would lead to their removal, but, rather, would place her in jeopardy. Plaintiff did request her foreman to remove her home telephone number from the department list that hung on the office wall. The request was denied.
One of plaintiffs co-workers in the Heat Treat Department, Bob Dellaquilla, directed obscene and offensive language, lewd remarks, and sexually explicit conduct toward plaintiff. When she reported his conduct to her foreman, she was told to “forget it.” Dellaquilla threatened plaintiff and stated that, if he was fired, he would burn down her house. She reported the threat to her foreman, but he was of no assistance to her. Thereafter, she reported the incidents to Bleakney, and in May 1992, there was a meeting with plaintiff, Dellaquilla, and the Heat Treat Department foreman. The meeting did not, however, result in any warning or disciplinary action against Dellaquilla.
On May 11, 1992, plaintiff met with several managers and reported the incidents described, supra. Her request for a shift change was granted. On May 18, 1992, she was informed that she was being returned to her previous shift because the change was causing a hardship to another employee. Plaintiffs sleeplessness and anxiety worsened and began to affect her ability to work. On June 5; 1992, plaintiffs employment was terminated.[1]
It is undisputed that plaintiff did not file a complaint with the MCAD.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). At bar, the defendant has successfully borne its various burdens.
A. THE STATUTORY COUNTS
Plaintiff complains in her Counts I, II and III, that defendant’s actions violated G.L.c. 214, §1C (which prohibits sexual harassment),[2] G.L.c. 93, §102 (the Massachusetts Equal Rights Act),[3] and G.L.c. 12, §111 (the Massachusetts Civil Rights Act).[4] Defendant seeks summary judgment arguing that, because plaintiffs claims assert discrimination arising in an employment context, G.L.c. 151B provides her with an administrative remedy through the MCAD and that that remedy is exclusive. Defendant’s argument possesses controlling merit.
In General
Chapter 151B proscribes specific discriminatory practices and prescribes a comprehensive administrative procedure for the enforcement of antidiscrimination statutes. Charland v. MuziMotors, Inc., 417 Mass. 580, 582 (1994). A person seeking recourse under *79 G.L.c. 151B must file a complaint with the MCAD within six months of the discriminatory event. G.L.c. 151B, §5. The complainant may obtain adjudication of the matter before the MCAD, and, if dissatisfied with the result, seek review of the MCAD’s decision in the Superior Court. G.L.c. 15 IB, §9. In the alternative, the complainant may elect to file an action in the Superior Court, but only after the expiration of 90 days from the filing of the complaintwith the MCAD. G.L.c. 151B, §9. In either instance, the complainant must commence administratively his or her quest for relief; resort to the courts is not available unless a complaint was timely filed with the MCAD. Charland, supra, 417 Mass, at 583-84.[5]
There are a number of analogous appellate precedents that foreshadowed the Charland rule of exclusivity. In Mouradian v. General Electric Co., 23 Mass.App.Ct. 538 (1987), the Appeals Court held that a plaintiff could not maintain an action under the Civil Rights Act where he failed to timely file a complaint with the MCAD. Id. at 543. The plaintiff in Mouradian had asserted that his employment was terminated because of his age and thus the termination was in violation of c. 12, §§11H, 111. Id. at 540. The Court concluded, however, that G.L.c. 12, §§11H, 111 did not create an independent remedy because the defendant’s conduct would have been cognizable under G.L.c. 151B. Id. at 543. The Mouradian Court reasoned that there was no independent basis for judicial relief because G.L.c. 12, §11H protects rights secured under the laws of the commonwealth and the right asserted could only have been asserted pursuant to G.L.c. 15IB. Id.; see also Serení v. Star Sportswear MJg. Co., 24 Mass.App.Ct. 428, 431 (1987).
So too, in Melley v. Gilette Corp., 19 Mass.App.Ct. 511 (1985), the Court refused to recognize a common law right to recover for wrongful discharge based on age where c. 15 IB would have been applicable. Id. at 513. The Court acknowledged that G.L.c. 151B was not intended to narrow or eliminate a person’s common law rights, but noted that, prior to the 1974 amendments to G.L.c. 151B, there was no remedy for wrongful discharge based on age. Id. Thus, requiring an aggrieved employee to commence the quest for relief in the MCAD was not a restriction on common law remedies.
The Equal Rights Act Claim
Charland relied on Mouradian and Melley in holding that, where c. 15 IB would have applied had the plaintiff timely filed a complaint with the MCAD, the Equal Rights Act, G.L.c. 93, §102, does not provide an alternative remedy for wrongful discharge based on age or national origin. Charland v. Muzi Motors, Inc., 417Mass. 580 (1994). Examining the legislative intent behind c. 151B, the Court determined that it was “unlikely” that the Legislature intended to create a parallel and competing alternative to “the carefully crafted procedures of c. 151B.” Id. at 583-84. The Court concluded that “where applicable, G.L.c. 15 IB provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections.” Id. at 586. Measuring the case at bar against Charland, et al, this court is persuaded that plaintiffs claim of an Equal Rights Act violation (Count II) must be dismissed because c. 15 IB provided an available source of remedy for plaintiff.
The Sexual Harrassment Act Claim
The Supreme Judicial Court’s reasoning in Char-land compels this court to conclude similarly that plaintiffs claim of a Sexual Harassment Act violation (Count I) must also be dismissed because G.L.c. 151B would have applied had she timely filed a complaint with the MCAD. On the same day that the Legislature enacted G.L.c. 214, §1C, it amended G.L.c. 151B, §4, adding subsection 16A which declares it an unlawful practice for an employer to sexually harass an employee. At the same time, the Legislature also amended G.L.c. 151B, §1, adding subsection 18 which defines sexual harassment, a definition which also applies to actions under G.L.c. 214, §1C. The Charland court reasoned that, given the comprehensive quality of the administrative procedure set forth in G.L.c. 15IB, it was unlikely the Legislature intended to establish a competing alternative. Charland’s reasoning applies with equal force to a claim under G.L.c. 214, §1C. The sexual harassment statute provides broader protection than G.L.c. 151B because it encompasses both sexual harassment by employers who are not covered by G.L.c. 151B and harassment arising outside of the employment context. See Agin v. Federal White Cement, Inc., 417 Mass. 669, 672 (1994).
This court concludes that the Legislature, by electing to amend G.L.c. 15 IB to include sexual harassment within the jurisdictional purview of the MCAD, thereby evidenced its intent that the administrative procedure set forth in c. 151B be followed whenever G.L.c. 151B is applicable. The Legislature intended that a judicial cause of action under G.L.c. 214, §1C be a supplement, not an alternative, to G.L.c. 151B action. Count I is incompatible with that legislative purpose and, therefore, cannot survive.[6]
The Civil Rights Act Claim
Moreover, because plaintiff could not assert an action under G.L.c. 214, §1C, she cannot maintain her Civil Rights Act claim (Count III). Chapter 12, §11H protects rights secured under the laws of the Commonwealth. Plaintiffs right to be free from sexual harassment in her workplace is secured by G.L.c. 151B, not G.L.c. 214, §1C. Plaintiff failed to preserve her rights under G.L.c. 151B, and the Civil Rights Act does not provide an independent basis for relief. Mouradian, supra at 543. Compare O’Connell v. Chasdi, 400 Mass. 686, 693-94 (1987) (Civil Rights Act provided remedy for sexual harassment by employer where G.L.c. 151B was not applicable to employer).
*80 B. THE COMMON LAW CLAIMS
Having determined that all of plaintiffs statutory claims (Counts I, II and III) are to be dismissed, the court turns next to determine whether any of plaintiffs common law tort and contract claims (Counts IV-VIII) may survive.
In Mouradian, the plaintiff brought a series of tort and contract claims, as well as an allegation of discrimination, based on age, in violation of the Civil Rights Act. The Appeals Court held that, by so pleading, the plaintiff failed to state any independent bases for relief, but “merely dresses a straightforward G.L.c. 15 IB claim in several different outfits.” Mouradian, supra, 23 Mass.App.Ct. at 543. Noting that the common denominator of the plaintiffs claims was the premise that there was a common law right to recover for age discrimination, Mouradian rejected the premise and held that G.L.c. 151B was the plaintiffs exclusive remedy.
Similarly, the present plaintiffs common law claims essentially consist of an assertion that Wyman-Gordon had a duty to prevent sexual harassment in the workplace. No such common law duty existed prior to the enactment of G.L.c. 15 IB. Plaintiffs remaining tort and contract claims (Counts IV through VIII), are, therefore, barred. See Charland, supra, 417 Mass, at 586 (c. 151B is exclusive remedy if claim is not based on preexisting tort principles).[7]
ORDER
It is, therefore, ORDERED that judgment shall enter in favor of defendant, Wyman-Gordon Company, on all Counts of plaintiffs complaint.

Plaintiff also alleges that in June 1992, Dellaquilla slashed the tires of her vehicle while it was parked outside her house. During the fall of 1992, she received a series of obscene and threatening telephone calls that were traced to another employee of Wyman-Gordon. Because these events occurred after her termination, they are not relevant to this action against Wyman-Gordon.

General Laws c. 214, §1C provides “[a] person shall have the right to be free from sexual harassment, as defined in chapter one hundred and fifty-one B and one hundred and fifty-one C. The superior court shall have the jurisdiction in equity to enforce this right and to award damages.”

General Laws c. 93, §102(a) provides “All persons within the commonwealth ... shall have ... the same rights enjoyed by white male citizens, to make and enforce contracts ...” General Laws c. 93, §102 (d) provides that persons who prevail under this statute are entitled to reasonable attorney fees and costs of litigation.

General Laws c. 12, §11H provides that the attorney general may file suit to protect a person’s rights “[w]henever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth ...”
General Laws c. 12, §1II provides that ”[a]ny person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages.” This section further provides that persons who prevail under this statute are entitled to reasonable attorney fees and costs of litigation.

While the six-month statute of limitations for the filing for administrative relief from the MCAD is subject to equitable tolling, Christa v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 817 (1988), plaintiff has not argued that the doctrine of equitable tolling is applicable here. Indeed, this is not a case where an MCAD complaint was dismissed as untimely — plaintiff never attempted to file a complaint with the MCAD, but filed her initial complaint directly in the Superior Court.

This result is in accord with the rule set forth in Charland, that G.L.c. 15 IB shall be the exclusive remedy for employment discrimination unless a claim is based on a previously recognized cause of action. No statutory or common law remedy for sexual harassment existed prior to the enactment of G.L.c. 15 IB.

In view of the court’s disposition of the Motion for Summary Judgment on Charland grounds, the court will not reach defendant’s arguments that plaintiffs claims are barred by the worker’s compensation exclusivity provision and by her omission to file a grievance pursuant to the collective bargaining agreement.