Hamlin, J.
Plaintiffs Keri Johnson and Stephen Mitchell (collectively, Plaintiffs) have brought suit against their former employer claiming they were terminated in violation of Chapter 15IB, §4(1 A), the Massachusetts Civil Rights Act, the Massachusetts Privacy statute, and public policy. The defendant has denied liability and now moves for summary judgment. For the following reasons, defendant’s Motion for Summary Judgment is ALLOWED in part and DENIED in part.
BACKGROUND
The following facts Eire derived from the summary judgment materials. Johnson and Mitchell worked at the Auto Deal Exchange of Boston dba ADESA-Boston (ADESA) as employees-at-will. ADESA operates an automobile auction company in Framingham, Massachusetts.
During the time of plaintiffs’ employment, ADESA adopted a “family values” philosophy. The philosophy included promoting certain positive character traits among ADESA employees. A list of these character traits was made and brought to the attention of the employees. The list included traits such as integrity, truthfulness, dependability, responsibility and loyalty. In promoting these desirable character traits, ADESA sought to increase productivity.
ADESA held mandatory company-wide luncheons every month at which employees were publicly recognized for their job performance that reflected the positive character traits. Mitchell and Johnson attended these monthly luncheons.
In July 1995, Johnson and Mitchell began living together. At that time, Mitchell was still married. Thomas Caruso, the general manager of ADESA, learned that Mitchell had left his wife and moved in with Johnson on or about August 10, 1995. Caruso determined that plaintiffs’ cohabitation provided sufficient cause for their termination because their relationship conflicted with ADESA’s “family values" philosophy.
On or about August 11, 1995, Johnson’s supervisor, Gregory Cunningham, called Johnson into his office and asked her if she was living with Mitchell. Also present was Jack Neshe, the company’s Assistant General Manager. After Johnson replied in the affirmative, Cunningham informed her that she was fired because her relationship with Mitchell ran counter to the company’s values. Prior to that meeting, no one at ADESA had ever questioned Johnson as to her living arrangement with Mitchell. Soon after the meeting with Johnson, Cunningham and Neshe met with Mitchell. Neshe asked Mitchell whether he was living with Johnson. Mitchell replied in the affirmative. Neshe then informed Mitchell that he was also fired because his living arrangements with Johnson deviated from ADESA’s family values.
DISCUSSION
1. Standard of Review
Summary judgment shall be granted where there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); see also Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass., at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
II. Plaintiffs’ Claims
The Court has found material facts in dispute as to plaintiffs’ claims for wrongful termination (Count I) and violation of G.L.c. 214, §1B (Count II). Accordingly, ADESA’s motion for summary judgment as to those claims is denied. ADESA’s motion for summary judgment is allowed as to plaintiffs’ claims under the Civil Rights Act, G.L.c. 12, §11H-I (Count III) and G. L. c. 151B, §4(1 A) (Count IV).
A. Massachusetts Civil Rights Act
Plaintiffs contend that ADESA’s decision to terminate them on the basis of their living arrangement violates the Massachusetts Civil Rights Act (MCRA). The Civil Rights Act allows private persons to bring suit against individuals who interfere or attempt to interfere with the private person’s rights under either the constitution or laws of the United States or the *725 Commonwealth. G.L.c. 12, §§11H-I. Thus, the MCRA does not create any independent rights, but rather serves as a tool for redressing violations of preexisting rights. See Flesner v. Technical Communications Corp., 410 Mass. 805, 818 (1991) (noting failure to identify secured right under constitution or laws of United States or Commonwealth fatal to MCRA claim).[2]
In this case, plaintiffs allege that ADESA violated their right to intimate association. Plaintiffs’ right to associate intimately without interference emanates from the right to privacy as found in the Due Process Clause of the Fourteenth Amendment. LaSota v. Town of Topsfield, 979F.Sup. 45, (D.Mass. 1997). In LaSota, the plaintiff sued the school for terminating her for cohabiting with a man to whom she was not yet married.[3] Id. at 47-48. After a review of the case law surrounding the right to privacy and the First Amendment’s right to association, the LaSota Court determined that the plaintiff did have a right to “associate intimately without fear that the government will use her associations when making decisions concerning her employment.”[4] Id. at 50.
Similarly, in this case, plaintiffs possess the right to associate intimately without interference. The undisputed facts demonstrate that ADESA fired them on the basis of their intimate relationship. Thus, plaintiffs may properly invoke protection under the federal constitution to support their MCRA claim.
Despite having successfully articulated a right upon which they may base their Civil Rights claim, plaintiffs’ claim can not survive summary judgment. To maintain an action under the statute, plaintiffs must demonstrate that the defendant violated their rights with “threats, intimidation, or coercion.” G.L.c. 12, §§11H-I. A direct violation of an individual’s rights does not constitute “threats, intimidation, or coercion” unless the direct violation itself involves threats, intimidation or coercion. Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 473 (1994). Threats, intimidation, or coercion “involve! ] either a physical confrontation accompanied by a threat of harm, or the loss of a contract right.” Willitts v. Roman Catholic Archbishop, 411 Mass. 202, 210 (1991).[5]
Here, no evidence exists which demonstrates that ADESA violated plaintiffs’ constitutional rights with threats, intimidation, or coercion. As employees-at-will, the plaintiffs could be fired for no reason or any reason at all. Wright v. Shriners Hosp. for Crippled Children, 412 Mass. 469, 472 (1992). Terminating them did not result in a loss of a contract right which may constitute a threat, intimidation, or coercion under the MCRA. Compare Willitts, 411 Mass. at 210 (holding school’s decision not to renew teacher’s contract did not constitute threats, coercion or intimidation under MCRA). In addition, no other evidence exists to demonstrate how ADESA may have acted in a manner proscribed by the statute. Therefore, because plaintiffs were not subject to threats, coercion or intimidation, ADESA is entitled to summary judgment on plaintiffs’ claims under the MCRA.
B. Chapter 151B, §4(1A)
Plaintiffs contend that in terminating them because of their living situation, ADESA violated Chapter 15IB, §4(1A). Section 4(1A), as amended, prohibits employers from “Imposing upon an individual as a condition of . . . retaining employment any terms or conditions, compliance with which would require such individual to violate, or forego the practice of, his creed or religion . . .” G.L.c. 151B, §4(1A) (1997). An employee’s “creed or religion” includes any sincerely held religious belief without regard to whether such beliefs are approved or required by an established religious organization. Id. The statute imposes upon the employee the burden of proof as to the sincerely held or “required” practice or religion, Id.
Here, plaintiffs do not demonstrate or even allege that their living situation was a sincerely held religious belief. In addition, plaintiffs acknowledge in their depositions that their living arrangement is not a required practice of their religion. Rather, plaintiffs argue the converse, that ADESA terminated them because their relationship conflicted with ADESA’s company values and moral standards, and thus unlawfully discriminated against them.
Chapter 151B, §4A does not encompass plaintiffs’ claims. Under the statute, plaintiffs have the burden of demonstrating that the employer interfered with the employee’s practice of religion. Kolodziej v. Smith, 412 Mass. 215, 221 (1992). Plaintiffs have failed to proffer any evidence that ADESA was requiring plaintiffs to forego or violate their religious beliefs. In addition, the facts in this case are similar to the facts of Kolodziej.
In Kolodziej, the plaintiff employee was required to attend a management seminar at which the employer used scriptural texts to reinforce skills and offer instruction in several areas. Id. at 217-18. The plaintiff found the seminar offensive and religious for this and other reasons.[6] Id. at 219. After her employer informed her that if she refused to attend the seminar she would be demoted, the plaintiff left the company. Id.
The Supreme Judicial Court affirmed the trial Judge’s motion for a directed verdict on the Chapter 151B claim. Id. at 223. The Court found no evidence to support plaintiffs claim that she was required to forego or violate a condition of religion and thus failed to sustain her burden of proof under the statute.[7] Id. at 221.
Similarly, plaintiffs in this case have failed to proffer any evidence that the tenets espoused by ADESA violated their sincerely held religious belief. Nor does any such evidence exist in the summary judgment record. Accordingly, defendant’s motion to dismiss Count IV is allowed.
*726 ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s Motion for Summary Judgment be ALLOWED as to Counts III and IV. It is further ORDERED that defendant’s Motion for Summary judgment is DENIED as to Counts I and II.

 Generally, a claimant alleging employment discrimination may seek relief under the exclusive remedy of c. 15 IB, §4. Mouradian v. General Elec. Co., 23 Mass.App.Ct. 538, 541 (1987). Some types of wrongful discharges, however, may not be addressed by c. 151B, §4 and a claim under the Civil Rights Act would be appropriate. Mouradian, 23 Mass.App.Ct. at 543. This case, in so much as the plaintiffs allege ADESAfired them on the basis of their intimate relationship, may fall within the exception carved out by Mouradian. Regardless, as discussed above, ADESAis entitled to summary judgment on plaintiffs’ claim under the MCRA

 Prejudice against the relationship also existed because the man with whom the plaintiff cohabited had been convicted of rape of a child. LaSota, 979 F.Sup. at 47. The Appeals Court, however, reversed the convictions. Id. The Commonwealth eventually dismissed the charges against Mr. LaSota in 1993. Id.

 Although the defendant in this case is a private actor, the Massachusetts Civil Rights Act extends protection regardless of whether the violator is a private or state actor. Bell v. Mazza, 394 Mass. 176, 182(1985).

 “Threats" are “acts or language by which another is placed in fear of injury or damage.” Delany v. Chief of Police, 27 Mass.App.Ct. 398, 409 (1989). Coercion is defined as “the active domination of another’s will.” Id. The “creation of fear to compel conduct” constitutes intimidation. Id.

 The plaintiff also objected to a videotape which described the woman’s proper place in the family as subordinate to her husband. Kolodziej, 412 Mass. at 218.

 At the time Kolodziej brought suit, the earlier (and unconstitutional) version of §4(1A) applied. The Court thus analyzed the evidence to determine whether plaintiff carried her burden in demonstrating her religion “required” her to forego her attendance at the seminar.