Gladys **TAURIAC** and Nelson Tauriac, Plaintiffs,

v.

**POLAROID CORPORATION,** Defendant.

Civ. A. No. 87–1997–T.

United States District Court, D. Massachusetts.

Jan. 3, 1989.

---

ages for loss of consortium. Defendant has moved to dismiss the consortium claim.

■ The spouse of an alleged federal civil rights victim is not permitted an ancillary cause of action for loss of consortium. *Jenkins v. Carruth,* 583 F.Supp. 613, 616 (E.D.Tenn.1982) (dismissing consortium claim based solely on 42 U.S.C. § 1983); *Touchstone v. Upper Gwynedd Township,* No. 78–2112, slip op. at 4 (E.D.Pa. July 29, 1980), *aff'd without opinion,* 691 F.2d 491 (3d Cir.1982) (unpublished order) (finding no authority for the idea that a "wife may vicariously assert a federal civil rights claim for damages arising out of a violation of the civil rights of her husband, or that loss of consortium may be an element of damages in a federal civil rights claim.") *quoted in Hopkins v. Kates,* No. 85–2444, slip op. available on LEXIS (E.D.Pa. July 9, 1985) (reaching the same result as *Touchstone* ). *Cf. Fritts v. Niehouse,* 604 F.Supp. 823, 825 (W.D.Mo.1984) (court lacked jurisdiction, either direct or ancillary, to hear consortium claim predicated solely on civil rights action).

■ The next question is whether the consortium claim may be predicated on the pendant state claims. In Massachusetts, a consortium claim may be brought only when the claimant's spouse has a valid tort claim. *See Mouradian v. General Electric Co.,* 23 Mass.App.Ct. 538, 503 N.E.2d 1318, 1321 (1987) (dismissing consortium claim in employment discrimination case where no valid tort claim existed). Gladys Tauriac's contract cause of action, therefore, is not a valid basis for her husband's ancillary consortium claim.

■ The question remains, however, as to whether the state civil rights actions (Counts II and III) are a valid predicate for Mr. Tauriac's consortium claim. Although, Massachusetts courts have not directly addressed this issue, two recent decisions of the Supreme Judicial Court provide some guidance. *See Norman v. Massachusetts Bay Transportation Authority,* 403 Mass.

Frederick T. Golder, Bernstein, Golder & Field, P.A., Lynnfield, Mass., for plaintiffs.

Stephen B. Deutsch, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## MEMORANDUM

TAURO, District Judge.

Plaintiff Gladys Tauriac, an employee of defendant since 1969, brings this civil rights action alleging that she was not promoted in 1986 because of her race.[1] Her husband, Nelson Tauriac, seeks dam-

---

1. Gladys Tauriac's complaint is predicated upon defendant's alleged violation of the following federal and state civil rights statutes: 1) 42 U.S.C. § 2000e (Count I); 2) M.G.L. ch. 151B (Count II); 3) M.G.L. ch. 12, § 11I (Count III); and 4) 42 U.S.C. § 1981 (Count IV). Additionally, she claims defendant's discrimination violated her employment contract (Count V).

303, 529 N.E.2d 139, 142 (1988) (refusing to recognize loss of consortium claim brought by parents of injured child); *Mendoza v. B.L.H. Electronics,* 403 Mass. 437, 530 N.E.2d 349 (Mass.1988) (stepson cannot recover consortium damages for injury to stepmother).

Given that, in both of these cases, the Supreme Judicial Court refused to extend the parameters for consortium claims, it is doubtful that Massachusetts would recognize the validity of a consortium claim that is ancillary to a state law civil rights action. Rather, this court anticipates that, if faced with the issue, the Supreme Judicial Court would agree with the logic of the federal decisions cited above, and would reject a claim for loss of consortium damages predicated on violations of Massachusetts civil rights statutes.

As none of Gladys Tauriac's claims support her husband's loss of consortium action, it must be dismissed.

An order will issue.