Errol Neal SHARPE, et al.

v.

GREEN SPRING DAIRY, INC.

Civil Action No. WN–94–1562.

United States District Court,
D. Maryland.

Aug. 25, 1994.

---

Norris C. Ramsey, Baltimore, MD, for plaintiffs.

Steven David Frenkil, Margaret A. Jacobsen, Baltimore, MD, for defendant.

**1.** The Supreme Court suggested a three-part test for a "constitutional case." First, there must be federal subject matter jurisdiction. Second, the anchor and the pendent claims must derive from a common nucleus of operative fact. Third, the

*MEMORANDUM AND ORDER*

NICKERSON, District Judge.

Pending before the Court is Defendant's motion for partial dismissal (Paper No. 5). Upon consideration of the pleadings and the applicable case law, the Court will deny Defendant's motion.

Plaintiffs have filed a two count complaint arising out of Plaintiff Errol Sharpe's termination of employment with Defendant. Plaintiffs claim race discrimination under 42 U.S.C. §§ 1981 and 1981(a) and under state law for loss of consortium.

While Defendant recognizes that the Court may properly exercise pendent jurisdiction over the state law claim for loss of consortium because of the federal violation alleged in Plaintiffs' complaint, Defendant moves for dismissal of the loss of consortium claim. Defendant argues that the loss of consortium claim is not an independent cause of action and must be appended to a separate claim for injury under Maryland law.

The leading case of pendent jurisdiction is *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Supreme Court held that constitutional power exists to decide the nonfederal claim whenever it is so related to the federal claim that they comprise "but one constitutional 'case'." *Id.* at 725, 86 S.Ct. at 1138 [1] (footnote omitted). Constitutional power to exercise pendent jurisdiction is decided on the pleadings. Justification for pendent jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants," which differ from case to case and from one stage of a single case to another. *Id.* at 726, 86 S.Ct. at 1139. Whether a court should exercise its power of pendent jurisdiction is a question of discretion. *Id.* ("pendent jurisdiction is a doctrine of discretion").

A claim for loss of consortium is a remedy for an injury to the marital entity. *Deems v. Western Maryland Ry.*, 247 Md. 95, 231 A.2d 514 (1967). The claim includes

federal and the nonfederal claims are such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding. *Id.* (internal citation omitted).

"the loss of society, affection, assistance, and conjugal fellowship.... [and] encompasses more than the loss or impairment of sexual relations." *Klein v. Sears Roebuck*, 92 Md. App. 477, 492, 608 A.2d 1276 (citation omitted), *cert. denied*, 328 Md. 447, 614 A.2d 973 (1992). In Maryland, "[r]ecovery for loss of consortium *does not rest upon the nature of the underlying action.*" *Id.* at 493, 608 A.2d 1276 (emphasis added). Defendant points the Court to *Tauriac v. Polaroid Corp.*, 716 F.Supp. 672, 673 (D.Mass.1989) in support of its argument for partial dismissal.[2] In *Tauriac*, the district court of Massachusetts held that the "spouse of an alleged federal civil rights victim is not permitted an ancillary cause of action for loss of consortium." *Id.* That holding, however, is distinguishable from the present action because in Massachusetts, "a consortium claim may be brought *only* when the claimant's spouse has a valid tort claim." *Id.* (emphasis added). In Maryland, such a prerequisite does not exist because "[r]ecovery for loss of consortium does not rest upon the nature of the underlying action." *Klein* at 493, 608 A.2d 1276. Therefore, IT IS this 23rd day of August, 1994, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion for Partial Dismissal (Paper No. 5) IS DENIED; and

2. That the Clerk of the Court mail copies of this Memorandum and Order to all counsel of record.

---

**2.** There is no Maryland case law on the issue of whether a loss of consortium claim may be appended to a federal civil rights violation claim.