Frank T. BROWN, et al.

v.

**YOUTH SERVICES INTERNATIONAL OF BALTIMORE, INC.**

Civ. No. L–95–507.

United States District Court, D. Maryland.

Nov. 13, 1995.

Norris C. Ramsey, Baltimore, Maryland, for plaintiffs.

**470**

Douglas Topolski, Baltimore, Maryland, for defendant.

## MEMORANDUM AND ORDER

LEGG, District Judge.

Pending before the Court is defendant's Motion to Dismiss Parts of the Amended Complaint ("Motion"). In Count I of the Complaint, plaintiffs allege discrimination in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, and 42 U.S.C. § 1981 ("Section 1981"). In Count II of the Complaint, the plaintiffs assert a claim for loss of consortium. Defendant seeks to dismiss Sylvia Brown from Count I of the Complaint and to dismiss Count II in its entirety, both for failure to state a claim upon which relief may be granted.

The Court has reviewed the papers submitted and finds no hearing necessary. Local Rule 105.6 (D.Md.). The Court shall GRANT defendant's Motion.

Plaintiffs' Response to Defendant's Motion to Dismiss ("Response") states that plaintiffs do not oppose the dismissal of Sylvia Brown's claims under Count I, as they were inadvertently included. The Court shall therefore GRANT defendant's Motion with respect to the dismissal of Sylvia Brown's claims under Count I.

Defendant also seeks to dismiss Count II of plaintiffs' complaint in its entirety. In Count II, Mr. and Mrs. Brown jointly raise a derivative state claim for loss of consortium, based upon the defendant's alleged violations of Mr. Brown's rights under Title VII and Section 1981.

■ There is no Maryland state law authority supporting the proposition that a loss of consortium claim may be appended to a federal employment discrimination claim. Thus, the plaintiffs' cause of action is not recognized by the Maryland courts. The Fourth Circuit has held: "[A] state claim which has not been recognized by that jurisdiction's own courts constitutes a settled question of law, which will not be disturbed by this court absent the most compelling of circumstances." *Trittle v. Crown Airways, Inc.,* 928 F.2d 81, 84 (4th Cir.1990). "Federal courts are permitted ... to rule upon state law as it presently exists and not to surmise or suggest its expansion." *Washington v. Union Carbide Corp.,* 870 F.2d 957, 962 (4th Cir.1989); *accord Trittle,* 928 F.2d at 84. Therefore, without clear authority from Maryland state courts, this Court is unwilling to recognize the plaintiffs' novel claim.

Similarly, although there is limited case law on this issue, the federal courts almost unanimously have dismissed loss of consortium claims based upon federal civil rights violations. *See Godby v. Electrolux Corp.,* 65 Fair Empl.Prac.Cas. (BNA) 211, 212–13, 1994 WL 470220 (N.D.Ga.1994) (dismissing wife's loss of consortium claim for failure to state a claim where the claim derived from husband's ADEA and Title VII claims); *Quitmeyer v. Southeastern Pa. Trans. Auth.,* 740 F.Supp. 363, 370 (E.D.Pa.1990) (dismissing wife's loss of consortium claim, noting that "there is no authority to permit spousal recovery for loss of consortium based upon violations of the other spouse's civil rights"); *Tauriac v. Polaroid Corp.,* 716 F.Supp. 672, 673 (D.Mass.1989) (holding that "the spouse of an alleged civil rights victim is not permitted an ancillary cause of action for loss of consortium"); *Jenkins v. Carruth,* 583 F.Supp. 613, 616 (E.D.Tenn.1982) (dismissing loss of consortium claim for failure to state a claim), *aff'd without opinion,* 734 F.2d 14 (6th Cir.1984). *But see Sharpe v. Green Spring Dairy, Inc.,* No. WN–94–1562, ——— F.Supp. ——— (D.Md. Aug. 23, 1994) (denying a motion to dismiss the plaintiffs' loss of consortium claim when that claim derived from the husband's Section 1981 claim)[1]; *Hayes v. Vessey,* 578 F.Supp. 690 (E.D.Mich. 1984) (holding that husband may maintain a loss of consortium claim based upon wife's 42 U.S.C. § 1983 claim), *rev'd on other grounds,* 777 F.2d 1149 (6th Cir.1985).

---

**1.** In response to defendant's Motion, plaintiffs merely "adopt[ed] the opinion and holding Judge William M. Nickerson of this court in *Sharpe v. Green Spring Dairy, Inc.,* Case No. WN–94–1562, ——— F.Supp. ———," without providing any analysis or argument. (Response, at 1.) This Court respectfully disagrees with *Sharpe,* an unreported opinion, and declines to follow it.

In 1991, Congress broadened the statutory remedies available under Title VII, permitting recovery for compensatory and punitive damages.[2] Thus, a successful Title VII plaintiff now may be awarded extensive relief, including back pay, front pay, punitive damages, and compensatory damages (to redress "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"). 42 U.S.C. § 1981a(b)(3). Given Congress' recent history, this Court is reluctant to append to the statutory remedial scheme a common law remedy not recognized by the legislature.

Accordingly, for the reasons stated above, the Court hereby

GRANTS defendants' motion to dismiss parts of the amended complaint.

The clerk is directed to DISMISS WITH PREJUDICE Sylvia M. Brown from Count I and to DISMISS WITH PREJUDICE Count II in its entirety.

IT IS SO ORDERED.