[Not For Publication]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 96-1814

GEORGE F. REIDY, ET AL.,

Plaintiffs, Appellants,

v.

TRAVELERS INSURANCE COMPANY,

Defendant, Appellee.

 

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge] 

 

Before

Cyr, Circuit Judge, 

Coffin, Senior Circuit Judge, 

and Lynch, Circuit Judge. 

 

Frederick T. Golder, with whom Bernstein, Golder & Miller, P.A. 
was on brief for appellants.
Jay M. Presser, with whom Jeffrey C. Hummel and Skoler, Abbott & 
Presser, P.C. were on brief for appellee. 

 

February 13, 1997
 

Per Curiam. George Reidy challenges a summary judgment Per Curiam.  

ruling dismissing his wrongful discharge claims against The

Travelers Insurance Company ("Travelers") for whom Reidy worked

for over twenty years. Although Travelers contends that Reidy

proved incapable of performing his work as a claims representa-

tive despite a reasonable accommodation of his stress-related

"disability," Reidy asserts that Travelers' justification was

pretextual. We affirm the district court judgment. 

The four-count complaint alleged (i) breach of the

employment contract; (ii) employment discrimination based on age;

(iii) and on handicap; and (iv) claims for loss of consortium and

nurture by his spouse and children.1 As concerns the claim for

breach of contract, Reidy appears to have believed that his long

tenure as an employee-at-will protected him from arbitrary

termination, but he adduced no competent evidence, see Fed. R. 

Civ. P. 56(e), that Travelers gave him any such assurance.

Instead, Reidy principally contends that the written employee

manual constituted a binding employment "contract" barring

arbitrary discharge even though it unambiguously provided that

Travelers was "free to terminate your employment at any time, for 

any or for no reason, and with or without advance notice," and 

that "no Travelers' manager or other person at the company has

the authority to make a commitment of guaranteed or continuing 

employment." (Emphasis added.) Nor does Reidy cite any other
 

1We review the summary judgment ruling de novo, viewing all 1 
evidence in the light most favorable to Reidy. Byrd v. Ronayne, 
61 F.3d 1026, 1030 (1st Cir. 1995).

2

provision (e.g., minimum term of employment) which assured him 

protection from unilateral, unconditional termination. See, 

e.g., Pearson v. John Hancock Mut. Life Ins. Co., 979 F.2d 254, 

256-57 (1st Cir. 1992).

The age and handicap discrimination claims fare no

better. Massachusetts courts have no jurisdiction over employ- 

ment-discrimination claims unless the plaintiff-employee has

filed a formal complaint with the Massachusetts Commission

Against Discrimination ("MCAD") within six months of the alleged

discriminatory act. See Mass. Gen. Laws ch. 151B, 4(1.B), 

4(16), 5, 9; Clarke v. Kentucky Fried Chicken of Calif., Inc., 57 

F.3d 21, 23 (1st Cir. 1995); Andrews v. Arkwright Mut. Ins. Co., 

673 N.E.2d 40, 41 (Mass. 1996). Reidy contends that his counsel

mailed a formal complaint to the MCAD on August 30, 1991, but

there is no evidence to confirm its receipt by the MCAD. The

official MCAD record itself reflects no formal complaint.

Moreover, on September 20, the MCAD compliance officer wrote

Reidy and confirmed the receipt of his letter describing 

Travelers' alleged discriminatory conduct, but advised that a 

formal complaint would still be necessary to initiate MCAD 

action. A copy of the MCAD letter was provided to Reidy's

counsel as well. 

Although the MCAD letter plainly placed both Reidy and

counsel on notice that the MCAD had received a letter from Reidy, 

rather than any August 30 letter from Reidy's counsel enclosing a

formal MCAD complaint, neither Reidy nor counsel followed up on

3

this obvious discrepancy or on the formal advice contained in the

letter from the MCAD compliance officer.2 Accordingly, the

district court lacked jurisdiction and the employment-based

discrimination claims were properly dismissed.3

Affirmed. Affirmed. 

 

2Thus, Reidy's insistence that the summary judgment ruling 2
penalized him for MCAD's administrative incompetence lacks record 
support. Of course, if cognizable, such unsubstantiated "defens-
es" would all but eviscerate the exhaustion requirement.

3Since Reidy no longer holds actionable employment discrimi- 3
nation claims against Travelers, the district court properly
dismissed the related claims by the spouse and children as well.
See Tauriac v. Polaroid Corp., 716 F. Supp. 672, 673 (D. Mass. 
1989) (citing Mouradian v. General Elec. Co., 503 N.E.2d 1318, 
1321 (Mass. App. Ct.) (dismissing wife's consortium claim
because husband had no viable employment discrimination claim),
review denied, 507 N.E.2d 1056 (1987)); see also Mass. Gen. Laws 
ch. 152, 24 (1990) (workers' compensation statute preempts
consortium claims of spouse, children and parents); Hamilton v. 
Baystate Med. Educ. & Research Found., 866 F. Supp. 51, 57 (D. 
Mass. 1994), aff'd, 66 F.3d 306 (1st Cir. 1995); St. Germaine v. 
Pendergast, 584 N.E.2d 611, 617-18 (Mass. 1992). 

4