USCA1 Opinion

 

 [Not For Publication] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 96-1814 GEORGE F. REIDY, ET AL., Plaintiffs, Appellants, v. TRAVELERS INSURANCE COMPANY, Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________  ____________________ Before Cyr, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________  ____________________ Frederick T. Golder, with whom Bernstein, Golder & Miller, P.A. ___________________ _________________________________ was on brief for appellants. Jay M. Presser, with whom Jeffrey C. Hummel and Skoler, Abbott & ______________ _________________ ________________ Presser, P.C. were on brief for appellee. _____________  ____________________ February 13, 1997  ____________________ Per Curiam. George Reidy challenges a summary judgment Per Curiam.  __________ ruling dismissing his wrongful discharge claims against The Travelers Insurance Company ("Travelers") for whom Reidy worked for over twenty years. Although Travelers contends that Reidy proved incapable of performing his work as a claims representa- tive despite a reasonable accommodation of his stress-related "disability," Reidy asserts that Travelers' justification was pretextual. We affirm the district court judgment.  The four-count complaint alleged (i) breach of the employment contract; (ii) employment discrimination based on age; (iii) and on handicap; and (iv) claims for loss of consortium and nurture by his spouse and children.1 As concerns the claim for breach of contract, Reidy appears to have believed that his long tenure as an employee-at-will protected him from arbitrary termination, but he adduced no competent evidence, see Fed. R. ___ Civ. P. 56(e), that Travelers gave him any such assurance. Instead, Reidy principally contends that the written employee manual constituted a binding employment "contract" barring arbitrary discharge even though it unambiguously provided that Travelers was "free to terminate your employment at any time, for __ ___ ____ any or for no reason, and with or without advance notice," and ___ __ ______ that "no Travelers' manager or other person at the company has the authority to make a commitment of guaranteed or continuing __________ employment." (Emphasis added.) Nor does Reidy cite any other  _________________________________________________________________ 1We review the summary judgment ruling de novo, viewing all 1 __ ____ evidence in the light most favorable to Reidy. Byrd v. Ronayne, ____ _______ 61 F.3d 1026, 1030 (1st Cir. 1995). 2 provision (e.g., minimum term of employment) which assured him ____ protection from unilateral, unconditional termination. See, ___ e.g., Pearson v. John Hancock Mut. Life Ins. Co., 979 F.2d 254, ____ _______ ________________________________ 256-57 (1st Cir. 1992). The age and handicap discrimination claims fare no better. Massachusetts courts have no jurisdiction over employ- ____________ ment-discrimination claims unless the plaintiff-employee has filed a formal complaint with the Massachusetts Commission Against Discrimination ("MCAD") within six months of the alleged discriminatory act. See Mass. Gen. Laws ch. 151B, 4(1.B), ___ 4(16), 5, 9; Clarke v. Kentucky Fried Chicken of Calif., Inc., 57 ______ ______________________________________ F.3d 21, 23 (1st Cir. 1995); Andrews v. Arkwright Mut. Ins. Co., _______ ________________________ 673 N.E.2d 40, 41 (Mass. 1996). Reidy contends that his counsel mailed a formal complaint to the MCAD on August 30, 1991, but there is no evidence to confirm its receipt by the MCAD. The official MCAD record itself reflects no formal complaint. Moreover, on September 20, the MCAD compliance officer wrote Reidy and confirmed the receipt of his letter describing _____ Travelers' alleged discriminatory conduct, but advised that a _ formal complaint would still be necessary to initiate MCAD ______ _________ action. A copy of the MCAD letter was provided to Reidy's counsel as well.  Although the MCAD letter plainly placed both Reidy and counsel on notice that the MCAD had received a letter from Reidy, ______ ____ _____ rather than any August 30 letter from Reidy's counsel enclosing a formal MCAD complaint, neither Reidy nor counsel followed up on 3 this obvious discrepancy or on the formal advice contained in the letter from the MCAD compliance officer.2 Accordingly, the district court lacked jurisdiction and the employment-based discrimination claims were properly dismissed.3 Affirmed. Affirmed. ________  _________________________________________________________________ 2Thus, Reidy's insistence that the summary judgment ruling 2 penalized him for MCAD's administrative incompetence lacks record ____ support. Of course, if cognizable, such unsubstantiated "defens- es" would all but eviscerate the exhaustion requirement. 3Since Reidy no longer holds actionable employment discrimi- 3 nation claims against Travelers, the district court properly dismissed the related claims by the spouse and children as well. See Tauriac v. Polaroid Corp., 716 F. Supp. 672, 673 (D. Mass. ___ _______ ______________ 1989) (citing Mouradian v. General Elec. Co., 503 N.E.2d 1318, _________ _________________ 1321 (Mass. App. Ct.) (dismissing wife's consortium claim because husband had no viable employment discrimination claim), review denied, 507 N.E.2d 1056 (1987)); see also Mass. Gen. Laws ______ ______ ___ ____ ch. 152, 24 (1990) (workers' compensation statute preempts consortium claims of spouse, children and parents); Hamilton v. ________ Baystate Med. Educ. & Research Found., 866 F. Supp. 51, 57 (D. ______________________________________ Mass. 1994), aff'd, 66 F.3d 306 (1st Cir. 1995); St. Germaine v. _____ ____________ Pendergast, 584 N.E.2d 611, 617-18 (Mass. 1992). __________ 4