107 F.3d 1
 9 NDLR P 208
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
George F. REIDY, et al., Plaintiffs, Appellants,
v.
TRAVELERS INSURANCE COMPANY, Defendant, Appellee.
 No. 96-1814.
 United States Court of Appeals, First Circuit.
 Feb. 13, 1997.
 
 Frederick T. Golder, with whom Bernstein, Golder & Miller, P.A. was on brief for appellants.
 Jay M. Presser, with whom Jeffrey C. Hummel and Skoler, Abbott & Presser, P.C. were on brief for appellee.
 Before CYR, Circuit Judge, COFFIN, Senior Circuit Judge, and LYNCH, Circuit Judge.
 PER CURIAM.
 
 
 1
 George Reidy challenges a summary judgment ruling dismissing his wrongful discharge claims against The Travelers Insurance Company ("Travelers") for whom Reidy worked for over twenty years. Although Travelers contends that Reidy proved incapable of performing his work as a claims representative despite a reasonable accommodation of his stress-related "disability," Reidy asserts that Travelers' justification was pretextual. We affirm the district court judgment.
 
 
 2
 The four-count complaint alleged (i) breach of the employment contract; (ii) employment discrimination based on age; (iii) and on handicap; and (iv) claims for loss of consortium and nurture by his spouse and children.[1] As concerns the claim for breach of contract, Reidy appears to have believed that his long tenure as an employee-at-will protected him from arbitrary termination, but he adduced no competent evidence, see Fed.R.Civ.P. 56(e), that Travelers gave him any such assurance. Instead, Reidy principally contends that the written employee manual constituted a binding employment "contract" barring arbitrary discharge even though it unambiguously provided that Travelers was "free to terminate your employment at any time, for any or for no reason, and with or without advance notice," and that "no Travelers' manager or other person at the company has the authority to make a commitment of guaranteed or continuing employment." (Emphasis added.) Nor does Reidy cite any other provision (e.g., minimum term of employment) which assured him protection from unilateral, unconditional termination. See, e.g., Pearson v. John Hancock Mut. Life Ins. Co., 979 F.2d 254, 256-57 (1st Cir.1992).
 
 
 3
 The age and handicap discrimination claims fare no better. Massachusetts courts have no jurisdiction over employmentdiscrimination claims unless the plaintiff-employee has filed a formal complaint with the Massachusetts Commission Against Discrimination ("MCAD") within six months of the alleged discriminatory act. See Mass. Gen. Laws ch. 151B, §§ 4(1.B), 4(16), 5, 9; Clarke v. Kentucky Fried Chicken of Calif., Inc., 57 F.3d 21, 23 (1st Cir.1995); Andrews v. Arkwright Mut. Ins. Co., 673 N.E.2d 40, 41 (Mass.1996). Reidy contends that his counsel mailed a formal complaint to the MCAD on August 30, 1991, but there is no evidence to confirm its receipt by the MCAD. The official MCAD record itself reflects no formal complaint. Moreover, on September 20, the MCAD compliance officer wrote Reidy and confirmed the receipt of his letter describing Travelers' alleged discriminatory conduct, but advised that a formal complaint would still be necessary to initiate MCAD action. A copy of the MCAD letter was provided to Reidy's counsel as well.
 
 
 4
 Although the MCAD letter plainly placed both Reidy and counsel on notice that the MCAD had received a letter from Reidy, rather than any August 30 letter from Reidy's counsel enclosing a formal MCAD complaint, neither Reidy nor counsel followed up on this obvious discrepancy or on the formal advice contained in the letter from the MCAD compliance officer.[2] Accordingly, the district court lacked jurisdiction and the employment-based discrimination claims were properly dismissed.[3]
 
 
 5
 Affirmed.
 
 
 
 [1]
 We review the summary judgment ruling de novo, viewing all evidence in the light most favorable to Reidy. Byrd v. Ronayne, 61 F.3d 1026, 1030 (1st Cir.1995)
 
 
 [2]
 Thus, Reidy's insistence that the summary judgment ruling penalized him for MCAD 's administrative incompetence lacks record support. Of course, if cognizable, such unsubstantiated "defenses" would all but eviscerate the exhaustion requirement
 
 
 [3]
 Since Reidy no longer holds actionable employment discrimination claims against Travelers, the district court properly dismissed the related claims by the spouse and children as well. See Tauriac v. Polaroid Corp., 716 F.Supp. 672, 673 (D.Mass.1989) (citing Mouradian v. General Elec. Co., 503 N.E.2d 1318, 1321 (Mass.App.Ct.) (dismissing wife's consortium claim because husband had no viable employment discrimination claim), review denied, 507 N.E.2d 1056 (1987)); see also Mass. Gen. Laws ch. 152, § 24 (1990) (workers' compensation statute preempts consortium claims of spouse, children and parents); Hamilton v. Baystate Med. Educ. & Research Found., 866 F.Supp. 51, 57 (D.Mass.1994), aff'd, 66 F.3d 306 (1st Cir.1995); St. Germaine v. Pendergast, 584 N.E.2d 611, 617-18 (Mass.1992)