953 P.2d 992

George C. JEREMIAH and Neana Jeremiah, individually and as husband and wife, Plaintiffs–Respondents–Cross Appellants,

v.

YANKE MACHINE SHOP, INC., an Idaho corporation, Defendant–Appellant–Cross Respondent,

and

Randy Combes, Pete Alverson, Chris Doty, Rob Burns, Rob Talbert And Kirk Wartman, Defendants–Cross Respondents.

No. 23263.

Supreme Court of Idaho,
Boise, November 1997 Term.

March 24, 1998.

Hall, Farley, Oberrecht & Blanton, Boise, for appellants. Candy W. Dale argued.

Samuel A. Hoagland, Boise, for respondents.

SILAK, Justice.

This is an employment discrimination action filed against Yanke Machine Shop ("Machine Shop") and eleven individually named defendants (hereinafter collectively referred to as "the respondents"). The claims are based on discrimination on the basis of national origin which allegedly resulted in termination of the appellant, George Jeremiah.

## I.

### FACTS AND PROCEDURAL BACKGROUND

George and Neana Jeremiah (hereinafter collectively referred to as "the Jeremiahs") emigrated from Romania to the United States in 1984. In March of 1988, George Jeremiah was hired as a machinist by the Machine Shop. He worked there until March of 1992. George Jeremiah claims that during his employment he was subject to harassment, and eventually termination, based upon his national origin.

The claimed harassment included such actions as Mr. Jeremiah being called demeaning names, a green card with an obscenity relating to Mr. Jeremiah's national origin written on the back was placed on Mr. Jere-

miah's tool box, Mr. Jeremiah's truck was scratched and the tire deflated, Mr. Jeremiah was locked in the phone cabin, physical threats were made to Mr. Jeremiah's physical well-being, Mr. Jeremiah's mistakes were exaggerated, the helpers made a habit of refusing to cut Mr. Jeremiah's material when he was working a rush job, and an employment evaluation which contained mean-spirited and obscene entries was placed on his desk.

Mr. Jeremiah communicated his complaints to his supervisors and asked the co-workers to stop calling him names. No warnings were ever given to any of the other co-workers by the Machine Shop.

In November of 1991, Mr. Jeremiah wrote a letter to the president of Machine Shop. This letter was passed down and read by Mr. Jeremiah's immediate supervisors. In December of 1991 or January of 1992, George Jeremiah had a meeting with those supervisors in which they tried to convince him to quit the Machine Shop and sign a release relieving the company of any liability. Mr. Jeremiah did not sign the release. He was fired soon thereafter due to his inability to work with the Machine Shop management regarding work performance issues.

Mr. Jeremiah then filed a discrimination charge with the Idaho Human Rights Commission ("IHRC"). After investigating the claim, the IHRC determined that there was "no cause" to believe Mr. Jeremiah was subject to workplace harassment based upon his national origin.

On March 5, 1993, George Jeremiah filed suit against the Machine Shop and eleven individually named managers and employees at the Machine Shop. The following claims were filed against all respondents: hostile work environment based upon national origin discrimination in violation of Title VII of the 1964 Civil Rights Act; hostile work environment based upon national origin discrimination in violation of the Idaho Human Rights Act ("IHRA"); breach of covenant of good faith and fair dealing; termination in breach of employment contract; termination in violation of public policy; intentional infliction of emotional distress; assault; battery; and negligent hiring, training, supervision and re-

tention. Neana Jeremiah made claims for loss of consortium against all respondents.

Prior to trial, the trial court granted a motion for partial summary judgment dismissing the claims for breach of covenant of good faith and fair dealing, termination in violation of public policy and all Title VII and IHRA claims against the individually named managers and employees.

On February 12, 1996, the parties entered into a stipulation in which Mr. Jeremiah agreed to dismiss the breach of contract and negligent hiring, training, supervision, and retention claims against the individually named managers and employees. Additionally, the claims for intentional infliction of emotional distress were dismissed against the managers at the Machine Shop.

The following issues were tried to a jury: hostile work environment under Title VII and the IHRA against the Machine Shop; breach of employment contract against the Machine Shop and the individually named managers and employees; intentional infliction of emotional distress against the Machine Shop and six individually named employees; loss of consortium against all respondents; and negligent hiring, training, supervision, and retention against the Machine Shop.

At the close of the Jeremiahs' case, the Machine Shop's directed verdict motion with regard to the claims for breach of employment contract and negligent hiring, training, supervision, and retention was granted. The remaining causes of action were submitted to the jury.

At trial, the Machine Shop sought to introduce the IHRC determination of "no probable cause" for discrimination (the "determination") or in the alternative the testimony of Marilyn Shuler, the director of the IHRC, to identify documents and testify concerning the IHRC's determination. The trial court ruled the determination and the testimony inadmissible hearsay under Idaho Rule of Evidence 803(8)(D) because it constituted factual findings from a special investigation. The trial court then denied the Machine Shop's motion for a new trial based on failure to admit the IHRC evidence.

The jury found that George Jeremiah was not wrongfully discharged but that he had proven his case for hostile or abusive work environment. The jury also found that each of the individually named employees had intentionally inflicted emotional distress upon George Jeremiah. Neana Jeremiah was awarded damages for loss of consortium. The jury awarded damages to Mr. Jeremiah in the sum of $94,350.00 and Mrs. Jeremiah in the sum of $16,650.00 against the Machine Shop. Additionally, the jury awarded Mr. Jeremiah $16,250.00 and Mrs. Jeremiah $2,850.00 in damages against the individually named managers and employees.

After the verdict, the trial court entered a judgment notwithstanding the verdict dismissing the Jeremiahs' claims against the individually named managers and employees for intentional infliction of emotional distress and loss of consortium. The trial court's reasoning was that the evidence was insufficient to establish severe emotional distress. As a result, judgment was entered for Mr. Jeremiah for the sum of $97,774.40 inclusive of attorney fees and costs. The Machine Shop subsequently appealed and the Jeremiahs cross-appealed

## II.

### ISSUES ON APPEAL

The Machine Shop presents the following issues on appeal:

1) Whether the trial court erred in failing to admit the determination of "no probable cause" for discrimination rendered by the IHRC or in not allowing Marilyn Shuler of the IHRC to testify to the Commission's findings.

2) Whether there was sufficient evidence to support the jury's verdict regarding hostile work environment based upon national origin discrimination?

The Jeremiahs add the following issue on appeal:

3) Whether the court erred in dismissing the claims for breach of contract and breach of the

implied covenant of good faith and fair dealing.

## III.

### ISSUES ON CROSS–APPEAL

The Jeremiahs raise the following issues on cross-appeal:

4) Whether the court erred in dismissing Neana Jeremiah's claims for loss of consortium.

5) Whether the court erred in dismissing the claim for intentional infliction of emotional distress.

The Machine Shop adds the following issue on cross-appeal:

6) Whether the Machine Shop is entitled to attorney fees on the cross-appeal of Mr. Jeremiah's claims for breach of employment contract and breach of the implied covenant of good faith and fair dealing.

## IV.

### ANALYSIS

A. **The District Court Was Correct In Excluding The Determination Of The IHRC And The Testimony Of Marilyn Shuler Under Idaho Rule Of Evidence 803(8)(D).**

 The Machine Shop argues the trial court erred in excluding the IHRC determination and the testimony of Marilyn Shuler, the IHRC director. In excluding this evidence, the trial court relied on Idaho Rule of Evidence 803(8)(D). On review, a trial court's decision to exclude evidence as hearsay will be reviewed under an abuse of discretion standard. *Burgess v. Salmon River Canal Co., Ltd.*, 127 Idaho 565, 574, 903 P.2d 730, 739 (1995). Whether the trial court abused its discretion is determined under a three step analysis: "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

I.R.E. 803(8)(D) specifically excludes "factual findings resulting from special investigation of a particular complaint, case, or incident...." I.R.E. 803(8)(D). The determination by the IHRC as to the particular complaint of Mr. Jeremiah falls squarely within this exclusion.

I.R.E. 803(8) allows for public records regarding "matters observed pursuant to duty imposed by law and as to which there was a duty to report" to be admitted. This Court has found that a chart detailing the distribution of medication was admissible under the 803(8) public records exception because the Federal Drug Administration required this chart be submitted. *Cosgrove v. Merrell Dow Pharmaceuticals*, 117 Idaho 470, 476, 788 P.2d 1293, 1299 (1990). The determinations issued by the IHRC are not submitted to any other federal or state agency pursuant to a duty imposed by law. The IHRC was specifically established to investigate complaints of discrimination.

The IHRA states that "[n]othing in this act is intended to cut off previously existing private rights of action." I.C. § 67–5908a. Even if the IHRC makes a no probable cause determination, the claimant may still file suit in district court. I.C. § 67–5908(2). By allowing the determination of the IHRC to be introduced at trial, the jury's fact-finding role could be in essence usurped by the determination of the IHRC.

We hold that the trial court did not abuse its discretion in ruling that the IHRC determination and testimony from the director are special investigations within the meaning of Idaho Rule of Evidence 803(8)(D). When ruling to exclude the evidence, the trial court clearly perceived this issue as one of discretion. The trial court was aware of the wording of the Rules of Evidence and realized that the issue required a use of discretion to determine whether the exclusion was applicable. The trial court's decision was within the outer boundaries of its discretion and was consistent with legal standards. In its memorandum on post trial motions, the trial court determined that to allow the evidence to be admitted would be to "disregard the unambiguous language of IRE [ ] 803(8)(D)." The trial court reached its decision to exclude the

evidence by an exercise of reason. As the trial court properly exercised its discretion under the *Sun Valley Shopping Ctr.* test, we affirm the district court's ruling regarding exclusion of the IHRC determination and the director's testimony.

**B. The District Court Properly Denied The Motions For A New Trial And For Judgment Notwithstanding The Verdict.**

First we note our standard of review. Whether a new trial should have been granted pursuant to Idaho Rule of Civil Procedure 59(a) is weighed under an abuse of discretion standard. *Quick v. Crane,* 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986). While we must review the evidence, the trial court is in a much better position to weigh the evidence. *Id.* Therefore, we do not weigh the evidence. *Id.*

When determining whether a judgment notwithstanding the verdict should have been granted under I.R.C.P. 50(b), this Court applies the same standard as the trial court. *Id.* at 764, 727 P.2d at 1192. The moving party admits the truth of all the evidence and all inferences are to be drawn in the light most favorable to the non-moving party. *Id.* at 763, 727 P.2d at 1191. To determine if the judgment notwithstanding the verdict should have been granted, all the evidence and inferences must be reviewed and this Court must then determine if there was substantial evidence to justify submitting the case to the jury. *Id.* at 764, 727 P.2d at 1192.

The Machine Shop argues that there was insufficient evidence to find that the conduct was sufficiently severe or pervasive to alter the conditions of the workplace and create an hostile work environment and that therefore the Machine Shop was entitled to a judgment notwithstanding the verdict or in the alternative a new trial. Additionally, the Machine Shop argues that only the names "stinking Romanian" and "foreigner," and the green card related to national origin. The rest of the alleged discrimination, the Machine Shop claims, was usual treatment around the Machine Shop and was therefore not related to national origin.

This Court has stated that the standard to prove hostile environment is that the environment is both "subjectively and objectively perceived as hostile based on a totality of the circumstances." *Fowler v. Kootenai County*, 128 Idaho 740, 744, 918 P.2d 1185, 1189 (1996). This Court has held that treating all employees in an equally degrading manner does not thereby "cure" the conduct. *Id.* (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994)). The Court in *Fowler* went on further to state that the IHRA had a similar aim as Title VII, and cited with approval language from a Ninth Circuit case stating that Title VII was not "aimed at the ... motivation of coworkers or employers," but was instead aimed at "the consequences or effects of an employment practice." *Fowler*, 128 Idaho at 745, 918 P.2d at 1190 (citing *Ellison v. Brady*, 924 F.2d 872, 880 (9th Cir.1991)). Therefore, the aim of the IHRA is to cure the workplace of conduct which results in discriminatory practices. It is not a defense to argue that all coworkers used vulgar language towards each other, if the situation was such that Mr. Jeremiah objectively and subjectively was subjected to a hostile work environment based upon national origin.

After reviewing the record, we conclude that the jury was given sufficient evidence to determine if the acts created both an objectively and subjectively hostile work environment that was severe and pervasive. Mr. Jeremiah presented evidence of extensive demeaning name calling, which included specific epithets regarding his national origin. The obscene green card was placed on his desk and he was given an obscene employment evaluation. Additionally, his tires were deflated and his truck was scratched while at work.

The district court noted that it did not think the jury decision was based on passion or prejudice. We affirm the trial court's exercise of discretion in denying the Machine Shop's new trial motion. Additionally, we hold that in light of the evidence presented, viewing all inferences in favor of the Jeremiahs, there was sufficient evidence for the jury to determine whether Mr. Jeremiah was subject to a hostile work environment.

Therefore, a judgment notwithstanding the verdict would have been inappropriate. The district court was correct in denying the Machine Shop's motion for a judgment notwithstanding the verdict.

**C. Whether The District Court Erred In Dismissing The Claims For Breach Of Contract And Breach Of The Implied Covenant Of Good Faith And Fair Dealing Was Not Properly Presented On Appeal.**

Next the Jeremiahs argue that the district court erred in dismissing the claims for breach of contract and breach of the implied covenant of good faith and fair dealing. However, in briefing, the Jeremiahs listed this as an additional issue on appeal and failed to list it as an issue in their cross-appeal.

Idaho Appellate Rule 15 requires that if affirmative relief is sought, including modification of the judgment, the issue must be presented as a cross-appeal. I.A.R. 15. The Jeremiahs are seeking affirmative relief on this issue and failed to cross-appeal. Therefore, this Court will not address this issue on appeal.

**D. The District Court Was Correct In Granting A Judgment Notwithstanding The Verdict In Favor Of The Machine Shop On The Claims For Intentional Infliction Of Emotional Distress.**

This Court reviews an order granting a judgment notwithstanding the verdict under the same standard as the trial court. *Paterson v. State*, 128 Idaho 494, 499, 915 P.2d 724, 729 (1996). This Court does not weigh the evidence but reviews the facts in a light most favorable to the nonmoving party and determines if there was substantial evidence to justify submission of the case to the jury. *Id.; Spence v. Howell*, 126 Idaho 763, 769, 890 P.2d 714, 720 (1995).

To prove intentional infliction of emotional distress the plaintiff must prove that the emotional distress was severe. *Evans v. Twin Falls County*, 118 Idaho 210, 220, 796 P.2d 87, 97 (1990). The district court found that in "looking at the evidence most favorably to Mr. Jeremiah and giving

him the benefit of every reasonable inference to be gleaned from the evidence, there is no evidence that the conduct was so 'severe and outrageous' as to support a claim for intentional infliction of emotional distress...."

Jeremiah introduced the testimony and the report of Jim Reed, a licensed counselor, to prove the severity of his distress. Although Mr. Reed did find that Mr. Jeremiah was seriously frustrated, he did not find that he was depressed or that he had experienced severe emotional distress. There was no other evidence presented which was sufficient enough to establish severe emotional distress. The district court's decision granting the judgment notwithstanding the verdict on the intentional infliction of emotional distress claim is affirmed.

### E. The District Court Was Correct In Dismissing The Claim For Loss Of Consortium.

"The claim for loss of consortium is a wholly derivative cause of action contingent upon a third party's tortious injury to a spouse." *Runcorn v. Shearer Lumber Products, Inc.,* 107 Idaho 389, 394, 690 P.2d 324, 329 (1984). Federal courts have almost unanimously denied derivative loss of consortium claims based on the violation of the spouse's civil rights. *See e.g., Brown v. Youth Services Inter. of Baltimore, Inc.,* 904 F.Supp. 469 (D.Md.1995). Since the IHRA is aimed at attaining the same goals as Title VII, the remedies allowed by federal courts are relevant to the remedies allowed under the IHRA. Therefore, we will look to the reasoning of the federal courts in determining the appropriate claims allowed under the IHRA. In *Brown v. Youth Services Inter. of Baltimore, Inc., supra,* the United States District Court for the District of Maryland refused to allow a loss of consortium claim based on a Title VII claim. The court stated that it was not willing to add a common law remedy to Title VII that Congress had not recognized in the statute. *Brown,* 904 F.Supp. at 471. We find this reasoning persuasive and hold that the remedies allowed under the IHRA do not allow a loss of consortium claim when the underlying cause of action is based on the IHRA. Accordingly, we

affirm the district court's dismissal of the loss of consortium claim.

### F. Attorney Fees Should Not Be Awarded To The Machine Shop On Cross–Appeal.

Idaho Code § 12–121 provides for the Court to award attorney fees and costs to a prevailing party. I.C. § 12–121 (1990). Under *Minich v. Gem State Developers, Inc.,* the test is whether the appeal was "brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Many of the issues cross-appealed were issues of first impression. Both parties cited ample authority for their position and made compelling legal arguments. No costs or attorney fees therefore are awarded on appeal, due to the mixed results achieved here.

The Machine Shop also seeks an award of attorney fees under Idaho Code § 12–120(3). Because of the mixed result on this appeal we find no prevailing party and therefore do not award fees under I.C. § 12–120(3).

### V.

### CONCLUSION

The decision of the district court is affirmed. No costs or fees are awarded.

TROUT, C.J., and JOHNSON, SCHROEDER and WALTERS, JJ., concur.